William Bernarduci (WB 5785)
SCHATZ & NOBEL, P.C.
One Corporate Center
20 Church Street, Suite 1700
Hartford, Connecticut  06103
Tel.:  (860) 493-6292
Fax:  (860) 493-6290

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------x
LYDIA GARCIA, individually and on
behalf of all others similarly situated,

            Plaintiff,

v.

JAKKS PACIFIC, INC., JACK
FRIEDMAN, STEPHEN G. BERMAN,
and JOEL M. BENNETT,

            Defendants.
------------------------------------------------------x

**Case No. 04-CV-8807-KMK**

**MEMORANDUM OF LAW
IN SUPPORT OF MOTION
OF ALLAN SCHRAGER FOR
APPOINTMENT AS LEAD
PLAINTIFF AND APPROVAL
OF CHOICE OF COUNSEL**

------------------------------------------------------x
QUANTUM EQUITIES L.L.C., individually
and on behalf of all others similarly
situated,

            Plaintiff,

v.

JAKKS PACIFIC, INC., JACK
FRIEDMAN, STEPHEN G. BERMAN,
and JOEL M. BENNETT,

            Defendants.
------------------------------------------------------x

**Case No. 04-CV-8877-KMK**

```
-------------------------------------------------x
JAMES T. KAHN, individually and on      :
behalf of all others similarly situated,      :        Case No. 04-CV-8910-KMK
                                        :
            Plaintiff,                  :
                                        :
v.                                      :
                                        :
                                        :
JAKKS PACIFIC, INC., JACK               :
FRIEDMAN, STEPHEN G. BERMAN,            :
and JOEL M. BENNETT,                    :
                                        :
            Defendants.                 :
-------------------------------------------------x
-------------------------------------------------x
JONCO INVESTORS, LLC, individually      :
and on behalf of all others similarly   :        Case No. 04-CV-9021-KMK
situated,                               :
                                        :
            Plaintiff,                  :
                                        :
v.                                      :
                                        :
                                        :
JAKKS PACIFIC, INC., JACK               :
FRIEDMAN, STEPHEN G. BERMAN,            :
and JOEL M. BENNETT,                    :
                                        :
            Defendants.                 :
-------------------------------------------------x
```

2

```
-------------------------------------------------x
JAMES IRVINE, individually and on         :
behalf of all others similarly situated,  :        **Case No. 04-CV-9078-KMK**
                                          :
            Plaintiff,                    :
                                          :
v.                                        :
                                          :
                                          :
JAKKS PACIFIC, INC., JACK                 :
FRIEDMAN, STEPHEN G. BERMAN,              :
and JOEL M. BENNETT,                      :
                                          :
            Defendants.                   :
-------------------------------------------------x
```

3

## I.    <u>INTRODUCTION</u>

Proposed Lead Plaintiff Allan Schrager ("Schrager") respectfully submits this memorandum of law in support of his motion, pursuant to Section 21D(a)(3)(B) of the Securities and Exchange Act of 1934 (the "1934 Act"), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"), 15 U.S.C. § 78u-4(a)(3)(B), for an Order (i) appointing Mr. Schrager as Lead Plaintiff in this action on behalf of investors who purchased or otherwise acquired the common stock of JAKKS Pacific, Inc. ("JAKKS") during the relevant class period and (ii) approving Mr. Schrager's selection of Schatz & Nobel, P.C. as Lead Counsel.

Mr. Schrager's motion should be granted. Mr. Schrager's motion is timely as it is filed within 60 days of the first published notice of this class action litigation against Defendants. Furthermore, as shown below, Mr. Schrager is the "most adequate plaintiff" within the meaning of 15 U.S.C. § 78u-4(a)(3)(B), because Mr. Schrager has the largest financial interest of any Lead Plaintiff Movant in the relief sought by the proposed Class and otherwise meets the requirements of Fed. R. Civ. P. 23(a).  Finally, Mr. Schrager's selection of Schatz & Nobel, P.C. as Counsel should be approved, as it has substantial experience prosecuting securities class action litigation.

## II.    <u>SUMMARY OF THE ALLEGATIONS AGAINST THE DEFENDANTS</u>

By their Complaints, Plaintiffs alleged, <u>inter alia</u>, that JAKKS and certain of its officers and directors (collectively "Defendants") violated Section 10(b) of the Securities Exchange Act of 1934 and Rule 10b-5 promulgated thereunder, by issuing materially false and misleading statements.   JAKKS is a multi-line, multi-brand toy company that designs, develops, produces and markets toys and related products.   The complaints allege that, throughout the Class Period,

defendants issued numerous positive statements concerning the increasing sales of JAKKS's products licensed through the World Wrestling Entertainment Inc. ("WWE").  It is alleged that defendants knew, but failed to disclose: (a) that the WWE was contending that the WWE licenses had been obtained through a pattern of commercial bribery; (b) that the Company's relationship with the WWE was being negatively impacted by the WWE's contention that the licenses it had granted to the Company were improperly obtained; and (c) JAKKS was subject to the heightened risk that the WWE would seek some modification to its WWE licensing agreements or complete nullification of those agreements, which would negatively impact the Company's future financial results.

On October 19, 2004, JAKKS issued a press release announcing that it was "engaged in discussions with WWE concerning the restructuring of its toy license and with WWE and THQ with respect to the restructuring of the JAKKS THQ Joint Venture video games license agreement with WWE."  Then it was reported that the WWE had just filed a lawsuit against JAKKS which alleged that the videogame license and certain toy licenses that the WWE previously granted to JAKKS were obtained through a pattern of racketeering and commercial bribery and seeking, among other things, that the licensing agreements be declared void.

## III.    SCHRAGER SHOULD BE APPOINTED AS A LEAD PLAINTIFF

### A.    The Procedure for Appointment of Lead Plaintiff Under the PSLRA

The PSLRA sets forth the procedure governing the appointment of Lead Plaintiff in each private action arising under the1934 Act that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure.  See 15 U.S.C. § 78u-4(a)(1).  Under the first step of this procedure, the plaintiff who files a putative class action under the Act must publish a notice

5

advising members of the purported plaintiff class of the (i) pendency of the action, (ii) claims asserted therein, (iii) purported class period and (iv) option of any member of the purported class to move to serve as lead plaintiff of the purported class not later than 60 days after the date on which the notice is published.  See 15 U.S.C. §78u-4(a)(3)(A).

Under the PSLRA, the Court is then required to appoint as lead plaintiff the "most adequate plaintiff," which the Act defines as "the member or members of the purported plaintiff class that the court determines to be most capable of adequately representing the interests of class members."  See 15 U.S.C. §78u-4(a)(3)(B)(i).  The PSLRA further provides:

> [T]he court shall adopt a presumption that the most adequate plaintiff in any private action arising under this chapter is the person or group of persons that--
>
> (aa)    has either filed the complaint or made a motion in response to a notice under subparagraph (A)(i);
>
> (bb)    in the determination of the court, has the largest financial interest in the relief sought by the class; and
>
> (cc)    otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. §78u-4(a)(3)(B)(iii)(I).  See Mitchell v. Complete Management, Inc., No. 99 Civ. 1454 (DAB), 1999 WL 728678, at *2 (S.D.N.Y. Sept. 17, 1999); Koppel v. 4987 Corp, 96 Civ. 7570 (RLC), 1999 WL 608783, at *8 (S.D.N.Y. Aug. 11, 1999).[1]

---

[1]  The PSLRA provides that the:

> presumption [of the claimant with the largest loss being lead plaintiff] may be rebutted only upon proof by a member of the purported plaintiff class that the presumptively most adequate plaintiff--
>
> (aa)    will not fairly and adequately protect the interests of the class; or

**B.    The Notice Requirements Under The PSLRA Have Been Satisfied**

The notice requirements set forth in 15 U.S.C. §§ 78u-4(a)(3)(A)(i)(I) and (II) have been satisfied.  On November 5, 2004, Lydia Garcia's counsel caused a notice to be published on Business Wire that advised purchasers of JAKKS securities of (i) the pendency of a securities class action against defendants, (ii) the claims asserted, (iii) the purported class period in that litigation and (iv) the right of any member of the purported class to move the court to serve as lead plaintiff within the 60-day period (by January 4, 2005) (the "Notice").  Cf. Greebel v. FTP Software, Inc., 939 F. Supp. 57, 62-63 (D. Mass. 1996); In re Milestone Scientific Sec. Litig., 183 F.R.D. 404, 413 (D.N.J. 1998); In re Nice Sys. Sec. Litig., 188 F.R.D. 206, 216 (D.N.J. 1999).[2]

**C.    Mr. Schrager Has The Largest Financial**
**Interest In The Relief Sought By The Class**

Mr. Schrager has "the largest financial interest in the relief sought" by the Class within the meaning of 15 U.S.C. §78u-4(a)(3)(B)(iii)(I)(bb).  According to the information provided in the Certification of Named Plaintiff submitted by Mr. Schrager (Bernarduci Declaration, Exhibit A), Mr. Schrager sustained an estimated recoverable loss of approximately $44,142 as a result of

_____

(bb)    is subject to unique defenses that render such plaintiff incapable of adequately representing the class.

15 U.S.C. §78u-4(a)(3)(B)(iii)(II).

[2]  A copy of the Notice is attached as Exhibit B to the January 4, 2005 Declaration of William Bernarduci in Support of Motion of Allan Schrager for Appointment of Lead Plaintiff and for Approval of Choice of Counsel (the "Bernarduci Declaration").

Defendants' fraud.[3]  Mr. Schrager knows of no other class member who has sought to be Lead Plaintiff that possesses a larger financial interest.  Based on his significant losses, Mr. Schrager will most effectively represent the interests of the Class.

> **D.     Mr. Schrager Has Satisfied The Other Requirements Of The PSLRA**

Mr. Schrager has satisfied each of the other requirements of the PSLRA.  First, Mr. Schrager has signed a certification, under oath, which:

> (i)     states that he has reviewed the Complaint;
>
> (ii)    states that he did not purchase his shares of JAKKS at the direction of plaintiffs' counsel or in order to participate in any private action arising under the federal securities laws;
>
> (iii)   states that he is willing to serve as representative party on behalf of a class, including providing testimony at deposition and trial, if necessary;
>
> (iv)    sets forth all of his transactions in the shares of JAKKS during the Class Period;
>
> (v)     states that he has not sought to serve, nor has he served, as a representative party on behalf of a class in any private federal securities action; and
>
> (vi)    states that he will not accept any payment for serving as a representative party on behalf of the class beyond his pro rata share of any recovery.

See 15 U.S.C. §§ 78u-4(a)(2)(A)(i)-(vi).

Second, Mr. Schrager satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.  See 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(cc).  Rule 23(a) of the Federal Rules of Civil Procedure is satisfied for the purposes of this motion where (i) the claims of the proposed lead

---

[3]  Exhibit A to the Bernarduci Declaration shows that Mr. Schrager purchased 13,400 shares of JAKKS stock during the Class Period for a total price of $305,680.  Inputing a sale price of $12.96 per share, the price of JAKKS at the close of trading on October 20, 2004 (the first trading day following the announcement disclosing problems at JAKKS), Mr. Schrager suffered losses of $44,142.

plaintiff are typical of the claims of the class of investors which they seek to represent and (ii) the

proposed lead plaintiff will fairly and adequately protect the interests of the class of investors

which he seeks to represent.  "At this stage in the litigation, the party moving for lead plaintiff of

the consolidated action need only make a preliminary showing that it satisfies the typicality and

adequacy requirements of Rule 23."  In re Olsten Corp. Sec. Litig., 2 F. Supp.2d 286, 296

(E.D.N.Y. 1998).[4]

     Mr. Schrager clearly satisfies the "typicality" and "adequacy" requirements under Rule

23(a).  The "typicality" requirement is established where the claims of the lead plaintiff arise

from the same course of conduct that gives rise to the claims of the other class members, where

these claims are based on the same legal theory, and where the class members and lead plaintiff

were injured by the same conduct.  Dietrich v. Bauer, 192 F.R.D. 119, 124 (S.D.N.Y. 2000)

(citation omitted).  In this action, Mr. Schrager's claims are typical of the claims of the Class.

Like all class members, Mr. Schrager purchased shares of JAKKS at prices that were artificially

inflated by Defendants' false and misleading representations and contends that Defendants

violated Section 10(b) of the 1934 Act and SEC Rule 10b-5 promulgated thereunder.

Accordingly, Mr. Schrager's claims are typical of the claims of the class within the meaning of

Rule 23(a)(3).

     Mr. Schrager will also fairly and adequately represent the interests of the class within the

---

[4]  Although there are two other requirements under Fed.R.Civ.P. 23(a) -- that the class be
so numerous that joinder of all members is impracticable (Fed.R.Civ.P. 23(a)(1)) and that there
be questions of law or fact common to the class (Fed.R.Civ.P. 23(a)(2)) --"[t]ypicality and
adequacy of representation are the only provisions relevant to a determination of lead plaintiff
under the PSLRA."  In re Oxford Health Plans, Inc. Sec. Litig., 182 F.R.D. 42, 49 (S.D.N.Y.
1998).

meaning of Federal Rule of Civil Procedure 23(a)(4).  In this Circuit, "adequacy" is satisfied if

the proposed lead plaintiff (i) does not have interests that are antagonistic to the class that he

seeks to represent and (ii) has retained counsel that is capable and qualified to vigorously

represent the interests of the class that he seeks to represent.  <u>Dietrich</u>, 192 F.R.D. at 126 (citing

<u>Eisen v. Carlisle & Jacquelin</u>, 391 F.2d 555, 562 (2d Cir. 1968); <u>Dean v. Coughlin</u>, 107 F.R.D.

331, 334 S.D.N.Y. 1985)).  In this case, the interests of Mr. Schrager are clearly aligned with the

interests of the class as Mr. Schrager sustained his losses from purchases of shares of JAKKS at

artificially inflated prices.

Finally, Mr. Schrager has already demonstrated that he will adequately represent the

interests of the class by having obtained qualified and experienced counsel, and by submitting a

Certification of Named Plaintiff to the Court indicating that he is willing to assume the

responsibilities of a lead plaintiff and class representative.

### E.    <u>The Court Should Approve Mr. Schrager's Selection Of Lead Counsel</u>

The PSLRA expressly provides that the "most adequate plaintiff shall, subject to the

approval of the court, select and retain counsel."  15 U.S.C. § 78u-4(a)(3)(B)(v).  The Court

should not disturb a proposed lead plaintiff's choice unless "necessary to protect the interests of

the plaintiff class."  <u>See</u> Statement of Managers – "The Private Securities Litigation Reform Act

of 1995," 141 Cong. Rec. H13691-08, at H13700 (daily edition Nov. 28, 1995).

The Court should approve Schatz & Nobel, P.C. as Mr. Schrager's choice of Lead

Counsel.  Schatz & Nobel, P.C. has extensive experience in the area of securities class action

litigation, as detailed in its firm resume (Bernarduci Declaration, Exhibit C).  Thus, the Court

may be assured that the Class will receive the highest caliber of legal representation to vigorously

advance its interests.

IV.    **CONCLUSION**

For the foregoing reasons, Mr. Schrager respectfully requests that this Court appoint him

to serve as Lead Plaintiff on behalf of the class and approve his selection of Schatz & Nobel, P.C.

as Lead Counsel.

Dated: January 4, 2005                          Respectfully submitted,

                                                **SCHATZ & NOBEL, P.C.**


                                        By: _____/s/_____
                                                William Bernarduci (WB 5785)
                                                One Corporate Center
                                                20 Church Street, Suite 1700
                                                Hartford, Connecticut  06103
                                                Tel.:  (860) 493-6292
                                                Fax:   (860) 493-6290




Of Counsel:
Andrew M. Schatz
Jeffrey S. Nobel
Justin S. Kudler
Nancy A. Kulesa
**SCHATZ & NOBEL, P.C.**
One Corporate Center
20 Church Street, Suite 1700
Hartford, Connecticut  06103
Tel.:  (860) 493-6292
Fax:   (860) 493-6290

_____