# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| WORLD WRESTLING ENTERTAINMENT, INC., | Civil Action No. 1:04-cv-08223-KMK |
| Plaintiff, | Electronically Filed |
| vs. | |
| JAKKS PACIFIC, INC., JAKKS PACIFIC (H.K.) LIMITED, ROAD CHANMPS LIMITED, THQ, INC., THQ/JAKKS PACIFIC L.L.C., THE JOINT VENTURE OF THQ, INC., STANLEY SHENKER ASSOCIATES, INC., STANLEY SHENKER, BELL LICENSING, L.L.C., JAMES BELL, JACK FRIEDMAN, STEPHEN BERMAN and JOEL BENNETT, | |
| Defendants. | |
| LYDIA GARCIA, individually and on behalf of all others similarly situated, | Civil Action No. 1:04-cv-08807-KMK |
| Plaintiff, | Electronically Filed |
| vs. | |
| JAKKS PACIFIC, INC., JACK FRIEDMAN, STEPHEN BERMAN and JOEL BENNETT, | |
| Defendants. | |

(captions continued on following page)

## DECLARATION OF GUSTAVO BRUCKNER IN SUPPORT OF MOTION OF QUANTUM EQUITIES LLC AND FRANK WHITING FOR CONSOLIDATION, APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF SELECTION OF LEAD COUNSEL

388325

| | |
|---|---|
| QUANTUM EQUITIES L.L.C., individually and on behalf of all others similarly situated,<br><br>                         Plaintiff,<br><br>vs.<br><br>JAKKS PACIFIC, INC., JACK FRIEDMAN, STEVEN G. BERMAN and JOEL M. BENNETT,<br><br>                         Defendants. | Civil Action No. 1:04-cv-08877-KMK<br>Electronically Filed |
| JAMES T. KAHN, on behalf of himself and all others similarly situated,<br><br>                         Plaintiff,<br><br>vs.<br><br>JAKKS PACIFIC, INC., JACK FRIEDMAN, JOEL BENNETT and STEPHEN BERMAN,<br><br>                         Defendants. | Civil Action No. 1:04-cv-08910-KMK<br>Electronically Filed |
| JONCO INVESTORS, LLC, individually and on behalf of all others similarly situated,<br><br>                         Plaintiff,<br><br>vs.<br><br>JAKKS PACIFIC, INC., JACK FRIEDMAN, STEPHEN BERMAN and JOEL BENNETT,<br><br>                         Defendants. | Civil Action No. 1:04-cv-09021-KMK<br>Electronically Filed |

(captions continued on following page)

388325

<table>
<tr><td>

JAMES IRVINE, individually and on behalf of all others similarly situated,

                                               Plaintiff,

vs.

JAKKS PACIFIC, INC., JACK FRIEDMAN, STEPHEN BERMAN and JOEL BENNETT,

                                        Defendants.

</td><td>

Civil Action No. 1:04-cv-09078-KMK
Electronically Filed

</td></tr>
</table>

### DECLARATION OF GUSTAVO BRUCKNER IN SUPPORT OF MOTION OF QUANTUM EQUITIES LLC AND FRANK WHITING FOR CONSOLIDATION, APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF SELECTION OF LEAD COUNSEL

I, Gustavo Bruckner, hereby declare:

1.     I am an associate of the law firm of Wolf Haldenstein Adler Freeman & Herz LLP. I submit this Declaration in support of the motion of Quantum Equities LLC and Frank Whiting for consolidation, appointment as lead plaintiff and approval of their selection of Wolf Haldenstein Adler Freeman & Herz LLP as Lead Counsel.

2.     Attached hereto as Exhibit A is a true and correct copy of the notice of pendency published by Business Wire on November 5, 2004.

3.     Attached hereto as Exhibit B are true and correct copies of the plaintiff certifications executed by Quantum Equities LLC and Frank Whiting, which demonstrates their class standing and requisite financial interest in the outcome of the litigation.

4.     Attached hereto as Exhibit C is a true and correct copy of a loss chart of Quantum Equities LLC and Frank Whiting's transactions in Jakks Pacific, Inc. securities during the relevant Class Period and their approximate losses.

388325

5.    Attached hereto as Exhibit D is a true and correct copy of the firm biography of

Wolf Haldenstein Adler Freeman & Herz LLP.

Signed under penalty of perjury this 4th day of January, 2005.


                                        /s/
                                        Gustavo Bruckner

388325

# Exhibit A

# Lerach Coughlin Stoia Geller Rudman & Robbins LLP Files Class Action Suit against Jakks Pacific, Inc.

Business Wire - Friday, November 05, 2004

Jump to first matched term >>

NEW YORK, Nov 5, 2004 (BUSINESS WIRE) -- Lerach Coughlin Stoia Geller Rudman & Robbins LLP ("Lerach Coughlin") (http://www.lerachlaw.com/cases/jakks/) today announced that a class action lawsuit has been commenced in the United States District Court for the Southern District of New York on behalf of purchasers of JAKKS Pacific, Inc. ("JAKKS") (NASDAQ:JAKK) common stock during the period between February 17, 2004 and October 19, 2004 (the "Class Period").

If you wish to serve as lead plaintiff, you must move the Court no later than 60 days from today. If you wish to discuss this action or have any questions concerning this notice or your rights or interests, please contact plaintiff's counsel, Samuel H. Rudman or David A. Rosenfeld of Lerach Coughlin at 800/449-4900 or via e-mail at wsl@lerachlaw.com. If you are a member of this class, you can view a copy of the complaint as filed or join this class action online at http://www.lerachlaw.com/cases/jakks/. Any member of the purported class may move the Court to serve as lead plaintiff through counsel of their choice, or may choose to do nothing and remain an absent class member.

The complaint charges JAKKS and certain of its officers and directors with violations of the Securities Exchange Act of 1934. JAKKS describes itself as a multi-line, multi-brand toy company that designs, develops, produces and markets toys and related products.

The complaint alleges that, throughout the Class Period, defendants issued numerous positive statements concerning the increasing sales of JAKKS's products licensed through the World Wrestling Entertainment Inc. ("WWE"). As alleged in the complaint, these statements were materially false and misleading because defendants knew, but failed to disclose: (a) that the WWE was contending that the WWE licenses had been obtained through a pattern of commercial bribery; (b) that the Company's relationship with the WWE was being negatively impacted by the WWE's contention that the licenses it had granted to the Company were improperly obtained; and (c) given the foregoing, the Company was subject to the heightened risk that the WWE would seek some modification to its WWE licensing agreements or complete nullification of those agreements, which would negatively impact the Company's future financial results.

On October 19, 2004, JAKKS issued a press release announcing that it was "engaged in discussions with WWE concerning the restructuring of its toy license and with WWE and THQ with respect to the restructuring of the JAKKS THQ Joint Venture video games license agreement with WWE." In response to the announcement of the problems with the WWE licenses, the price of JAKKS stock declined from $24.15 per share to $18.81 per share. Then, after the market closed for trading, it was reported that the WWE had just filed a lawsuit against JAKKS which alleged that the videogame license and certain toy licenses that the WWE previously granted to JAKKS were obtained through a pattern of racketeering and commercial bribery and seeking, among other things, that the licensing agreements be declared void. Following this announcement, on the next day of trading, the price of JAKKS common stock continued to fall to close at $12.96 per share on extremely heavy trading volume.

Plaintiff seeks to recover damages on behalf of all purchasers of JAKKS common stock during the Class Period (the "Class"). The plaintiff is represented by Lerach Coughlin, which has expertise in prosecuting investor class actions and extensive experience in actions involving financial fraud.

Lerach Coughlin, a 140-lawyer firm with offices in San Diego, San Francisco, Los Angeles, New York, Boca Raton, Washington, D.C., Houston, Philadelphia and Seattle, is active in major litigations pending in federal and state courts throughout the United States and has taken a leading role in many important actions on behalf of defrauded investors, consumers, and companies, as well as victims of human rights violations. Lerach Coughlin lawyers have been responsible for more than $20 billion in aggregate recoveries. The Lerach Coughlin Web site (http://www.lerachlaw.com) has more information about the firm.

SOURCE: Lerach Coughlin Stoia Geller Rudman & Robbins LLP

```
Lerach Coughlin Stoia Geller Rudman & Robbins LLP
William Lerach, 800-449-4900
Samuel H. Rudman
David A. Rosenfeld
wsl@lerachlaw.com
TICKERS: NASDAQ:JAKK
```

Copyright (C) 2004 Business Wire. All rights reserved.

# Exhibit B

## PLAINTIFF'S CERTIFICATION

Quantum Equities LLC ("Plaintiff"), by Michael Fishman, Managing Director, declares under penalty of perjury, as to the claims asserted under the federal securities laws, that:

1.     Plaintiff has reviewed the complaint and authorized the commencement of an action on Plaintiff's behalf.

2.     Plaintiff did not purchase the security that is the subject of this action at the direction of plaintiff's counsel or in order to participate in this private action.

3.     Plaintiff is willing to serve as a representative party on behalf of the class, including providing testimony at deposition and trial, if necessary.

4.     Plaintiff's transactions in Jakks Pacific, Inc. securities during the Class Period specified in the Complaint are as follows:

| Date | # of Shares Purchased | # of Shares Sold | Price |
|------|----------------------|-------------------|--------|
| 10/19/2004 | 25,000 | | $23.2378 |
| 10/19/2004 | | 25,000 | $20.4842 |

5.     During the three years prior to the date of this Certificate, Plaintiff has not sought to serve or served as a representative party for a class in an action filed under the federal securities laws.

6.     Plaintiff will not accept any payment for serving as a representative party on behalf of the class beyond the Plaintiff's pro rata share of any recovery, except such reasonable costs and expenses (including lost wages) directly relating to the representation of the class as ordered or approved by the court.

I declare under penalty of perjury that the foregoing is true and correct.  Executed this __8th__ day of __November__, 2004.

Michael Fishman, Managing Director
Quantum Equities LLC

## CERTIFICATION PURSUANT TO FEDERAL SECURITIES LAWS

**Frank S. Whiting** declares, as to the claims asserted under the federal securities laws, that:

1.    I have reviewed the complaint and authorized the commencement of an action on my behalf.

2.    I did not purchase the security that is the subject of this action at the direction of plaintiffs' counsel or in order to participate in this private action.

3.    I am willing to serve as a representative party on behalf of the class, including providing testimony at deposition and trial, if necessary.

4.    My transactions in **Jakks Pacific, Inc.** during the Class Period are as follows:

     See Attached.

5.    I have not served as a class representative in any case under the federal securities laws in the last three years.

6.    I will not accept any payment for serving as a representative party on behalf of the class beyond the Plaintiff's pro rata share of any recovery, except such reasonable costs and expenses (including lost wages) directly relating to the representation of the class as ordered or approved by the court.

I declare under penalty of perjury that the foregoing is true and correct. Executed this 3rd day of January, 2004 2005.

Frank S. Whiting

Jakks Pacific Transactions

| Purchase Date | # Shares | Price | Sale Date | # Shares | Price |
|---|---|---|---|---|---|
| 2/26/1999* | 1,750 | 11.50 | 9/27/2000 | 2250 | 10.00 |
| 8/26/1999* | 3,000 | 20.917 | 9/27/2000 | 2250 | 10.00 |
| 10/6/1999* | 1,500 | 27.00 | 9/27/2000 | 1500 | 10.00 |
| 10/5/1999* | 1,000 | 40.928 | 9/27/2000 | 500 | 10.25 |
| 10/11/1999* | 4,000 | 31.108 | 9/27/2000 | 4000 | 10.25 |
| 10/14/1999* | 2,250 | 25.819 | 9/28/2000 | 10000 | 9.425 |
| 12/20/1999 | 2500 | 21.00 | 9/28/2000 | 5550 | 9.425 |
| 12/20/1999 | 500 | 20.937 | 9/28/2000 | 5000 | 9.425 |
| 2/16/2000 | 4000 | 21.708 | 9/28/2000 | 5000 | 9.25 |
| 4/6/2000 | 1000 | 22.375 | 9/28/2000 | 5000 | 9.375 |
| 4/6/2000 | 8000 | 22.50 | 9/28/2000 | 200 | 9.406 |
| 4/6/2000 | 1000 | 22.50 | 9/28/2000 | 1000 | 9.525 |
| 4/18/2000 | 3000 | 21.75 | | | |
| 4/18/2000 | 2500 | 21.937 | | | |
| 4/18/2000 | 1500 | 22.00 | | | |
| 4/18/2000 | 1500 | 22.375 | | | |
| 4/18/2000 | 1500 | 22.5 | | | |
| 4/26/2000** | 1750 | 21.625 | | | |

*These shares are adjusted for the [3:2] stock split on 11/5/99.
**Settlement date

# Exhibit C

Jakks Pacific Loss Chart

| Name | Purchase Date | # Shares | Price | Purchase Cost | Total | Sale Date | # Shares | Price | Redeemed Value | Total Loss |
|---|---|---|---|---|---|---|---|---|---|---|
| Frank S. Whiting | 2/26/1999* | 1,750 | $11.50 | $20,125.00 | | | | | | |
| | 8/26/1999* | 3,000 | $20.917 | $62,750.00 | | | | | | |
| | 10/6/1999* | 1,500 | $27.00 | $40,500.00 | | | | | | |
| | 10/5/1999* | 1,000 | $40.928 | $40,927.51 | | | | | | |
| | 10/11/1999* | 4,000 | $31.108 | $124,432.81 | | | | | | |
| | 10/14/1999* | 2,250 | $25.819 | $58,092.81 | | | | | | |
| | 12/20/1999 | 2,500 | $21.00 | $52,500.00 | | 9/27/2000 | 2,250 | $10.00 | $22,500.00 | |
| | 12/20/1999 | 500 | $20.937 | $10,468.50 | | 9/27/2000 | 2,250 | $10.00 | $22,500.00 | |
| | 2/16/2000 | 4,000 | $21.708 | $86,830.20 | | 9/27/2000 | 1,500 | $10.00 | $15,000.00 | |
| | 4/6/2000 | 1,000 | $22.375 | $22,375.00 | | 9/27/2000 | 500 | $10.25 | $5,125.00 | |
| | 4/6/2000 | 8,000 | $22.50 | $180,000.00 | | 9/27/2000 | 4,000 | $10.25 | $41,000.00 | |
| | 4/6/2000 | 1,000 | $22.50 | $22,500.00 | | 9/28/2000 | 10,000 | $9.425 | $94,250.00 | |
| | 4/18/2000 | 3,000 | $21.75 | $65,250.00 | | 9/28/2000 | 5,550 | $9.425 | $52,308.75 | |
| | 4/18/2000 | 2,500 | $21.937 | $54,842.50 | | 9/28/2000 | 5,000 | $9.425 | $47,125.00 | |
| | 4/18/2000 | 1,500 | $22.00 | $33,000.00 | | 9/28/2000 | 5,000 | $9.25 | $46,250.00 | |
| | 4/18/2000 | 1,500 | $22.375 | $33,562.50 | | 9/28/2000 | 5,000 | $9.375 | $46,875.00 | |
| | 4/18/2000 | 1,500 | $22.50 | $33,750.00 | | 9/28/2000 | 200 | $9.406 | $1,881.20 | |
| | 4/26/2000** | 1,750 | $21.625 | $37,843.75 | | 9/28/2000 | 1,000 | $9.525 | $9,525.00 | |
| | | 42,250 | | $959,625.58 | $959,625.58 | | 42,250 | | $404,339.95 | $555,285.63 |
| Quantum Equities | 10/19/2004 | 25000 | $23.2378 | $580,945.00 | $580,945.00 | 10/19/2004 | 25000 | $20.4842 | $512,105.00 | $68,840.00 |
| | | | | | | | | | | $624,125.63 |

*These shares are adjusted for the [3:2] stock split on 11/5/99.
**Settlement date

388478

# Exhibit D

# WOLF

# HALDENSTEIN

# ADLER

# FREEMAN &

# HERZ LLP

## FIRM RESUME

*"The class action is one of the few legal remedies the small claimant has against those that command the status quo."*

**Justice William O. Douglas,
United States Supreme Court**

**WOLF HALDENSTEIN ADLER FREEMAN & HERZ LLP**

# WOLF HALDENSTEIN ADLER FREEMAN & HERZ LLP

---

## The Firm

---

Founded in 1888, Wolf Haldenstein Adler Freeman & Herz LLP is a full service law firm with practice groups in corporate/tax, pension/benefits, real estate, trusts and estates, healthcare, bankruptcy, limited partnerships, and civil and commercial litigation, with a particular specialty in complex class and shareholder litigation under both federal and state law.

What distinguishes Wolf Haldenstein from other firms is our total-practice approach, supported by the mid-range size and structure of our firm. Our longstanding tradition of a close attorney/client relationship ensures that each one of our clients receives prompt, individual attention and does not become lost in an institutional bureaucracy. Our team approach is at the very heart of Wolf Haldenstein's practice. All of our lawyers are readily available to all of our clients and to each other. The result of this approach is that we provide our clients with an efficient legal team having the broad perspective, expertise and experience required for any matter at hand. We are thus able to provide our clients with cost effective and thorough counsel focused on our clients' overall goals.

The Firm has its principal office with lawyers in the various practice areas, at 270 Madison Avenue, New York, NY 10016. The firm's general telephone number in New York is (212) 545-4600. The fax number in New York is (212) 545-4653. The firm also has offices at Symphony Towers, 750 B Street, Suite 2770, San Diego, CA 92101, telephone: (619) 239-4599, fax: (619) 234-4599; 656 W. Randolph Street, Suite 500W, Chicago, IL 60661, telephone: (312) 466-9200, fax: (312) 466-9292; and 625 N. Flagler Drive, West Palm Beach, Florida 33401. The firm's web site is accessible at http://www.whafh.com.

**WOLF HALDENSTEIN ADLER FREEMAN & HERZ LLP**

## The Wolf Haldenstein Class Action Litigation Group

Wolf Haldenstein's Class Action Litigation Group has been recognized by courts throughout the country as being highly experienced in complex litigation, particularly with respect to securities, consumer, ERISA, and antitrust class actions and shareholder rights litigation. The Class Action Litigation Group consists of 30 attorneys and 10 paraprofessional assistants. Brief resumes of each of the attorneys begin on page 10.

Also included are the resumes of some attorneys from other areas of the Firm's practice who routinely lend their expertise to the Firm's class action litigators in the areas of tax, bankruptcy, corporate, trusts, labor, and ERISA law. The ability to call upon the internal expertise of practitioners in such varied areas of the law greatly enhances the strength and efficiency of the Firm's representative litigation practice and, indeed, makes Wolf Haldenstein unique among national firms specializing in class action litigation.

The nature of the Firm's activities in representative litigation is extremely broad. In addition to a large case load of securities fraud and other investor class actions, Wolf Haldenstein has represented classes of corn farmers in connection with the devaluation of their crops; contact lens purchasers for contact lens manufacturers' violations of the antitrust laws; merchants compelled to accept certain types of debit cards; insurance policyholders for insurance companies' deceptive sales practices; victims of unlawful strip searches under the civil rights laws; and various cases involving violations of Internet users' on-line privacy rights.

The Firm's experience in class action securities litigation, and, in particular, public shareholder rights under state law and securities fraud claims arising under the federal securities laws and regulations, including the Private Securities Litigation Reform Act of 1995 ("PSLRA"), is particularly extensive. The Firm was one of the lead or other primary counsel in securities class action cases that have recouped billions of dollars on behalf of investor classes, in stockholder rights class actions that have resulted in billions of dollars in increased merger consideration to shareholder classes, and in derivative litigation that has recovered billions of dollars for corporations.

Among its colleagues in the plaintiffs' securities bar, as well as among its adversaries in the defense bar, Wolf Haldenstein is known for the high ability of its attorneys, the exceptionally high quality of its written and oral advocacy on behalf of class action clients, and for its pioneering efforts in difficult or unusual areas of securities or investor protection laws, including: groundbreaking claims that have been successfully brought under the Investment Company Act of 1940 regarding fiduciary responsibilities of investment companies and their advisors toward their shareholders; claims under ERISA involving fiduciary duties of ERISA trustees who are also insiders in possession of

[3]

**WOLF HALDENSTEIN ADLER FREEMAN & HERZ LLP**

adverse information regarding their fund's primary stockholdings, the fiduciary duties of the directors of Delaware corporations in connection with change of control transactions, the early application of the fraud on the market theory to claims against public accounting firms in connection with their audits of publicly traded corporations, and the application of federal securities class certification standards to state law claims often thought to be beyond the reach of class action treatment.

Wolf Haldenstein's performance in representative litigation has repeatedly received favorable judicial recognition. The following representative judicial comments over two decades indicate the high regard in which the Firm is held:

- In re MicroStrategy Securities Litigation, 150 F. Supp. 2d 896, 903 (E.D. Va. 2001), where the Firm was a co-lead counsel, Judge Ellis commented "Clearly, the conduct of all counsel in this case and the result they have achieved for all of the parties confirms that they deserve the national recognition they enjoy."

- In the In Re Toys R Us Antitrust Litigation, 98 MDL 1211 (NG) 191 F.R.D. 347, 351, 356 (E.D.N.Y. 2000), where the Firm served as co-lead counsel and liaison counsel, Judge Gershon wrote: "Class counsel are highly skilled and experienced and can fairly and adequately represent the interests of the class . . . . Counsel for both the class plaintiffs and the States have well-earned the compensation that they request."

- In Yud v. Saf T Lok, No. 98-8507-Civ-Hurley (S.D. Fla. Dec. 15, 1999), where the firm was sole lead counsel, the court stated:  "The attorneys have done an outstanding amount of work and fine legal work in a short period of time to bring this class action to resolution in a successful fashion."

- In Kurzweil v. Philip Morris Companies, 94 Civ. 2373, 94 Civ. 2546 (MBM) (S.D.N.Y. Nov. 13, 1998), where the Firm was sole lead counsel, now Chief Judge Mukasey, in approving a $116.5 million settlement stated:  "In this case, this represents a lot of good, hard, serious work by a lot of talented lawyers and I appreciate it on both sides."

- In Paramount Communications v. QVC Network Inc.; In re Paramount Communications Inc. Shareholders' Litigation, 637 A.2d 34, 37 n.2 (Sup. Ct. Del. 1994), where the Firm was co-lead counsel for the Paramount shareholders, the Supreme Court of Delaware noted "its appreciation of . . . the professionalism of counsel in this matter in handling this expedited litigation with the expertise and skill which characterize Delaware proceedings of this nature."  The Court further "commended the parties for their professionalism in conducting expedited discovery, assembling and organizing the record, and preparing and presenting very helpful briefs, a joint appendix, and oral argument."

- In In re Laser Arms Corp. Securities Litigation, 794 F. Supp. 475, 496 (S.D.N.Y. 1989), where the Firm was lead counsel, the Court stated "plaintiffs' counsel have

# WOLF HALDENSTEIN ADLER FREEMAN & HERZ LLP

demonstrated their experience in securities litigation and the Court is confident that counsel will proceed vigorously on behalf of all class and subclass members."

- In In re Public Service Co. of Indiana Derivative Litigation, 125 F.R.D. 484, 486 (S.D. Ind. 1988), concerning the construction of the Marble Hill Nuclear Power Plant, where the Firm was lead counsel, the court said "[t]hroughout the life of this litigation, it has been both vigorously prosecuted and aggressively defended by thoroughly competent counsel on all sides."

- In In re Public Service Co. of New Hampshire Derivative Litigation, 84-220-D (D.N.H. 1986), involving the construction of the Seabrook Nuclear Power Plant, where the Firm was lead counsel, the court said of plaintiffs' counsel that "the skill required and employed was of the highest caliber."

- In In re Warner Communications Securities Litigation, 618 F. Supp. 735, 749 (S.D.N.Y. 1985), where the Firm served as co-lead counsel, the court said: "'plaintiffs' counsel constitute the cream of the plaintiffs' bar.' The Court cannot find fault with that characterization."

- In Steiner v. Equimark Corp., No. 81-1988 (W.D. Pa. 1983), a case involving complex issues concerning banking practices in which the Firm was lead counsel, then District Judge Mannsman described, in part, the work the Firm performed:

> We look at the complexity of the issue, the novelty of it, the quality of work that, as the trial judge, I am able to perceive, and then, finally, the amount of recovery obtained: I think I have certainly said a lot in that regard. I think it's been an extraordinary case. I think it's an extraordinary settlement. Certainly defense counsel and plaintiffs' counsel as well are all experienced counsel with a tremendous amount of experience in these particular kinds of cases. And under those circumstances . . . I think it was, really, the strategy and ingenuity of counsel in dividing up the workload and strategizing the cases as to who was to do what and what ultimately should be done to bring about the settlement that was achieved.

## Current Cases:

Wolf Haldenstein is a leader in the class action litigation field and is currently the Court-appointed lead counsel, co-lead counsel, or executive committee member in some of the largest and most significant class action lawsuits currently pending across the United States, including:

- In re Initial Public Offering Securities Litigation, 21 MC 92 (SAS) (S.D.N.Y.).

**WOLF HALDENSTEIN ADLER FREEMAN & HERZ LLP**

- In re Initial Public Offering Antitrust Litigation, 01 CV 2014 (WHP) (S.D.N.Y.).

- In re Comdisco Securities Litigation, 01 C 2110 (N.D. Ill.).

- In re Bausch & Lomb, Inc. Securities Litigation, 01 Civ. 6190 (CJS) (W.D.N.Y).

- Spagnola v. Kilrea, et al. (HA-LO, Inc.) 02 C 0270 (N.D. Ill.).

- In re Globalstar Securities Litigation, Case No. 01-CV-1748 (SHS) (S.D.N.Y.).

- Camino v. UBS PaineWebber, Inc. (U.B.S. Goals Litigation), 04-CV-175 (E.D.N.Y.).

- In re Pre-Paid Securities Litigation, Civ.-02-182-C (W.D. Okla.).

- In re Profit Recovery Group International, Inc. Securities Litigation, No. 1:00-CV-1416-CC (N.D. Ga.).

- Johnson v. Aegon USA, Inc., 1-02-CV-2617-CAP (N.D. Ga.).

- Lewis v. Advanced Technical Products, Inc., 1:00-CV-1702-WBM (N.D. Ga.).

- Azzolini v. CorTS Trust II for Provident Fin. Trust I, et al., 1:03-CV-1003 (D. Tenn.)

- Capital One Financial Corp. Securities Litigation, Civ. No. 02-1069A (E.D. Va.).

- Sepracor Corp. Securities Litigation, Civ. No. 02-12238 (D. Mass.).

- In re Clarus Corp. Securities Litigation, No. 1:00-CV-2841-CAP (N.D. Ga.).

- In re Acclaim Entertainment, Inc., Securities Litigation, C.A. No. 03-CV-1270 (E.D.N.Y.).

- In re ARM Financial Group, Inc., Securities Litigation., C.A. No. 23:99CV-539H (W.D. Ky.).

- In re Central Parking Corporation Securities Litigation, 03-CV-0546 (M.D. Tenn.).

- In re Concord EFS, Inc. Securities Litigation, 02-CV-2697-Ma. (W.D. Tenn.).

- In re Adelphia Communications Corp. Securities and Derivative Litigation (Adelphia Business Actions), 03-ML 1529, 03 CV 5755 (LMM) (S.D.N.Y.).

- In re Iridium Securities Litigation, C.A. No. 99-1002 (D.D.C.).

# WOLF HALDENSTEIN ADLER FREEMAN & HERZ LLP

- In re MCI Communications Corp. Securities Litig., 97-CV-1976 (RWR) (D.D.C.).

- In re PEC Solutions Securities Litigation, 03-331-A (E.D. Va.)

- In re PerkinElmer, Inc., et al., Civ. 02-C-11572-GAO (D. Mass.).

- In re Ventro Corporation Securities Litigation, Master File No. Civ. 01-1287 SBA (N.D. Cal.).

- In re Qwest Software, Inc. Securities Litigation, Master File No. SA-CV-03-1192 (S.D. Cal.).

- In re Emerson Radio Corp. Securities Litigation, Civil Action No. 03-CV-4201 (D. N.J.).

- In re BearingPoint, Inc. Securities Litigation, Civil Action No. 03-CV-1062-A (E.D. Va.).

- In re Elevators and Escalators Antitrust Litigation, 04-CV-1644 (S.D.N.Y.)

- In re Sulfuric Acid Antitrust Litigation, Master File No. 03 C 4576 (N.D. Ill.).

- In re Compact Disc. Minimum Advertising Price Antitrust Litigation, MDL No. 1361 (D. Me.).

- In re Carbon Black Antitrust Litigation, Master Docket No. 03 CV 10191 (D. Mass.).

- In re Dynamic Random Access Memory (DRAM) Antitrust Litigation, Master File No. M 02-1486 (N.D. Cal).

- In re New Motors Vehicles Canadian Export Antitrust Litigation, Master File No. 03 MD 1532 (D. Me.).

- In re Loral Space & Communications Shareholders' Securities Litigation, 03 Civ. 8262 (JES) (S.D.N.Y).

- In re Drugstore.Com, Inc. Securities Litigation, CV 4-1474 (RSM) (W.D. Wash.).

Beginning on page 18 is a representative listing of cases in which the Firm has been lead or a primary plaintiffs' counsel and the results achieved in those cases. In addition, a representative list of published decisions in cases in which Wolf Haldenstein has played a lead or other significant role begins on page 21.

[7]

**WOLF HALDENSTEIN ADLER FREEMAN & HERZ LLP**

Wolf Haldenstein is a leader in the derivative litigation field, and is currently leading counsel in some of the most significant derivative actions pending in the United States, including:

- *In re Qwest Communications International Inc. Derivative Litigation*, 19826-NC (Del. Chan.).

- *In re Tyco International Ltd. Derivative Litigation*, 02-352-B (D.N.H.).

- *In re Mutual Fund Investment Litigation*, MDL No. 1586 (D. Md.).

## PRIVATE ACTIONS FOR INSTITUTIONAL INVESTORS

In addition to its vast class action practice, the Firm also regularly represents institutional clients such as public funds, investment funds, limited partnerships and qualified institutional buyers. The firm has represented institutional clients in non-class federal and state actions concerning a variety of matters, including private placements, disputes with investment advisors, and disputes with corporate management. Examples of such cases include:

- *Steed Finance LDC v. Laser Advisers, Inc.*, 99 Civ. 4222 (PKC)(SDNY), a fraud, negligence, breach of contract and breach of fiduciary duty action brought by a hub fund, a related feeder fund and individual investors in the feeder fund against the funds' former investment advisors for mispricing certain securities and derivative instruments in the funds' fixed-income securities portfolio.

- *Diversified Asset Securitization Holdings I, L.P. v. Enterprise Mortgage Acceptance Co, LLC, et al*, 02 Civ. 10228 (SWK) (SDNY), a federal and state securities fraud action brought by limited partnerships that pooled the investments of various insurance companies against the issuer and management and controlling shareholder of the issuer concerning misrepresentations made in connection with a private placement of certificates representing interests in a securitized pool of loans made to franchise operations of car care businesses, gas stations, convenience stores and quick service restaurants.

- *Gramercy Park Investments v. Airfund International*, No. 97-22734B (Super. Ct. Mass.); *Gramercy Park Investments v. The Krupp Realty Fund*, No. 97-1612 (Super. Ct. Mass.); *Geodyne Resources v. Gramercy Park Investments*, No. CJ-96-05548 (Dist. Ct. Okla.); *Gramercy Park Investments v. Wells Real Estate Fund*, No. 97-A-0241-3 (Super. Ct. Ga.); *Gramercy Park Investments v. Swift Energy*, No. 96-61729 (Dist. Ct. Tex.); and *Lexington Family Investments v. Dean Witter*, No. 15217-96 (Sup Ct. N.Y.); actions brought on behalf of

**WOLF HALDENSTEIN ADLER FREEMAN & HERZ LLP**

institutional investors in state courts throughout the nation demanding inspection of investor lists and other corporate and partnership information.

- Madison Partnership Liquidity Investors v. American Cable TV Investors, 97 Civ. 4950 (JSM) (SDNY); and Madison Partnership Liquidity Investors v. PLM Equipment Growth Fund, 98 Civ. 4057 (JSM)(SDNY); actions brought on behalf of institutional investors against fund management for improper defensive actions taken in response to investors' acquisitions of large positions in funds.

The firm has also acted as special counsel to investors' committees in efforts to assert the investors' interests without resort to litigation. For example, the firm served as Counsel to the Courtyard by Marriott Limited Partners Committee for several years in its dealings with Host Marriott Corporation, and as Special Counsel to the Windsor Park Properties 7 and 8 limited partners to insure the fairness of their liquidation transactions.

## THE CLASS ACTION LITIGATION GROUP

The qualifications of the attorneys in the Wolf Haldenstein Litigation Group are set forth below and are followed by descriptions of some of the Firm's attorneys who normally practice outside the Litigation Group who contribute significantly to the class action practice from time to time.

## PARTNERS

**DANIEL W. KRASNER**: *admitted*: New York; Supreme Court of the United States; U.S. Courts of Appeals for the Second, Third, Fourth, Sixth, Eighth, Ninth, Tenth and Eleventh Circuits; U.S. District Courts for the Southern and Eastern Districts of New York, Central District of Illinois, and Northern District of Michigan. *Education*: Yeshiva College (B.A. 1962); Yale Law School (LL.B., 1965). Lecturer: Practicing Law Institute; Rutgers Graduate, School of Business. Member, the Association of the Bar of the City of New York; Rockland County, New York State and American Bar Associations; Federal Bar Council. Mr. Krasner has lectured frequently before bar groups and has educated groups on securities laws and investors rights. His qualifications have received favorable judicial recognition on many occasions. *See, e.g., Shapiro v. Consolidated Edison Co.*, [1978 Transfer Binder] Fed. Sec. L. Rep. (CCH) & 96,364 at 93,252 (S.D.N.Y. 1978) (". . . the Court's opinion the reputation, skill and expertise of . . . [Mr.] Krasner, considerably enhanced the probability of obtaining as large a cash settlement as was obtained."); *Steiner v. BOC Financial Corp.*, [1980 Transfer Binder] Fed. Sec. L. Rep. (CCH) & 97,656, at 98,491.4, (S.D.N.Y. 1980) ("This Court has previously recognized the high quality of work of plaintiffs' lead counsel, Mr. Krasner"). *The New York Law Journal*,

**WOLF HALDENSTEIN ADLER FREEMAN & HERZ LLP**

August 1, 1983, at p. 5 (referring to Mr. Krasner as one of the "top rank plaintiffs' counsel" in the securities and class action fields.).

**FRED TAYLOR ISQUITH**: *admitted*: New York; District of Columbia; Supreme Court of the United States; U.S. Courts of Appeals for the First, Second, Third, Fourth and Eighth Circuits; U.S. District Courts for the Southern, Eastern and Northern Districts of New York, District of Arizona, District of Colorado, Central District of Illinois, Western District of Michigan and District of Nebraska. *Education*: Brooklyn College of the City University of New York (B.A., 1968); Columbia University (J.D., 1971). Author, "Post Arbitration Remedies," for an Introduction to Securities Arbitration (NYSBA, 1994); "A Plaintiff's Lawyer Examines Limited Partnership Roll-ups" for Real Estate Exit Strategies" (American Conference Institute, 1994); Federal Civil Practice Supplement, "Representative Actions," (NYSBA, 2000). Columnist for weekly column "From the Courts," for *The Class Act*, National Association of Securities and Class Action Attorneys. Lecturer, IPO Tie In/Claims Seminar, Professional Liability Underwriter Society; Securities Arbitration New York State Bar Association; Real Estate Exit Strategies, American Conference Institute; Fundamental Strategies in Securities Litigation (NYSBA, CLE Program). Mediator for New York State Supreme Court, County of New York, Complex Litigation Panel. Member: The Association of the Bar of the City of New York (Committee on: Federal Courts); New York County Lawyers' Association (Former Chair: Business Tort/Consumer Fraud-Tort Law Section); Brooklyn (Member: Committee on Civil Practice Law and Rules, 1983-; Committees on Legislation and Federal Courts, 1984-), New York State (Member: Committee on Legislation, Trial Lawyers Section, 1981-; Committee on Securities, Commercial and Federal Litigation Section, 1989-) and American (Member, Sections on: Litigation; International Law; Individual Rights and Responsibilities) Bar Associations; The District of Columbia Bar. Mr. Isquith has been Chairman of the Business Tort/Consumer Fraud Committee of the Tort Law Section of the New York State Bar Association and is a member of that association's Committees on Securities Law and Legislation. Legislation and Civil Practice Law and Rules of the Brooklyn Bar Association. He is an arbitrator with the American Arbitration Association and with the Civil Court of the City of New York and a mediator for the ADR Program of the Supreme Court, County of New York. He has served as a judge for the Moot Court Competition of Columbia University Law School and Fordham University's National Competition. President-elect, National Association of Securities and Commercial Law Attorneys. The April 1987 issue of *Venture* magazine listed Mr. Isquith as among the nation's top securities class action attorneys.

**JEFFREY G. SMITH**: *admitted:* New York; California; Supreme Court of the United States; U.S. Courts of Appeals for the Second, Third, Fourth, Fifth, Sixth, Eighth and Ninth Circuits; U.S. Tax Court; U.S. District Courts for the Southern and Eastern Districts of New York, Southern and Central Districts of California and the Districts of Colorado and Nebraska. *Education*: Vassar College (A.B., *cum laude generali*, 1974); Woodrow Wilson School of Public and International Affairs, Princeton University, (M.P.A., 1977); Yale Law School (J.D., 1978). At Yale Law School, Mr. Smith was a

[10]

■ **WOLF HALDENSTEIN ADLER FREEMAN & HERZ LLP** ■

teaching assistant for the Trial Practice course and a student supervisor in the Legal Services Organization, a clinical program. Member, The Association of the Bar of the City of New York; New York State and American (Section on Litigation) Bar Associations; State Bar of California (Member, Litigation Section). Mr. Smith has frequently lectured on corporate governance issues to professional groups of Fund trustees and investment advisors as well as to graduate and undergraduate business student groups and regularly serves as a moot court judge for the A.B.A. and at New York University Law School. Mr. Smith has substantial experience in complex civil litigation, including class and derivative actions, tender offer, merger, and takeover litigation.

**FRANCIS M. GREGOREK**: *admitted*: New York; California; U.S. Court of Appeals for the District of Columbia and Ninth Circuit; U.S. District Courts for the Eastern and Southern Districts of New York, and Central, Southern and Northern Districts of California; *Education*: University of Virginia (B.A., with high distinction, 1975); New York University (J.D., 1978); Durham University, Durham, England. Phi Beta Kappa; Phi Alpha Theta. Member, State Bar of California; American Bar Association.

**MARY JANE FAIT**: *admitted*: New York; Illinois; U.S. District Courts for the Southern and Eastern Districts of New York, and Northern District of Illinois; U.S. Court of Appeals for the Seventh Circuit. *Education*: St. John's College and University of Illinois (B.A., Economics, 1976); Cornell Law School (J.D., 1979). Member, Chicago Bar Association; Illinois Bar Associations; Antitrust Division of the American Bar Association.

**PETER C. HARRAR**: *admitted*: New York; U.S. District Courts for the Southern, Eastern and Northern Districts of New York. *Education*: Princeton University (A.B., with high honors, 1980); Columbia University (J.D., 1984). Phi Beta Kappa. Mr. Harrar has extensive experience in complex securities and commercial litigation on behalf of individual and institutional clients.

**LAWRENCE P. KOLKER**: *admitted*: New York; U.S. Courts of Appeals for the Second and Eleventh Circuits; and U.S. District Courts for the Southern and Eastern Districts of New York, Western District of Michigan and the District of Colorado. *Education*: State University of New York at Binghamton (B.A., 1978); Brooklyn Law School (J.D., 1983). Editor, Brooklyn Law Review, 1982-1983. Panelist, Early Neutral Evaluator for the Eastern District of New York, 1992-1997. Lecturer, Brooklyn Law School, 1989. Assistant Corporation Counsel, City of New York, 1983-1987. Member, The Association of the Bar of the City of New York; New York State Bar Association. Mr. Kolker has spoken at numerous conferences of the Investment Program Association and the Strategic Research Institute concerning limited partnership tender offers and litigation strategies, and published articles entitled "Litigation Strategies for Limited Partnership Tender Offers" (February 1996) and "Limited Partnership Five Percent Tender Offers" (October 1997) in Standard & Poor's *Review of Securities and Commodities Regulation*. Mr. Kolker has acted as lead counsel in numerous class and derivative actions asserting the

**WOLF HALDENSTEIN ADLER FREEMAN & HERZ LLP**

rights of investors since joining Wolf Haldenstein in 1989. Mr. Kolker also counsels investment management firms in transactional and securities matters and represents them in corporate and business litigation.

**MARK C. RIFKIN:** *admitted*: Pennsylvania; New Jersey; U.S. Supreme Court; U.S. Courts of Appeals for the Second, Third, Fifth, and D.C. Circuits; U.S. District Courts for the Southern and Eastern Districts of New York, the Eastern and Western Districts of Pennsylvania, the District of New Jersey, the Eastern District of Wisconsin and the Western District of Michigan. *Education*: Princeton University (A.B., 1982); Villanova University School of Law (J.D. 1985). Contributor, PACKEL & POULIN, *Pennsylvania Evidence* (1987). Mr. Rifkin has extensive experience in complex class and derivative actions in securities, antitrust, intellectual property, and consumer protection litigation. Mr. Rifkin has lectured before diverse business and professional organizations in the areas of securities and complex litigation and corporate governance.

**MICHAEL JAFFE:** *admitted*: California; New York; U.S. District Courts for the Southern and Eastern Districts of New York. *Education*: University of California at Berkeley (B.S., with highest distinction, 1982); Hastings College of the Law, University of California (J.D., 1987). Judicial Extern to the Honorable Thelton E. Henderson, Northern District of California, 1986-1987. Member: The Association of the Bar of the City of New York. Languages: French.

**BETSY C. MANIFOLD:** *admitted*: Wisconsin; New York; California; U.S. District Courts for the Western District of Wisconsin, Eastern and Southern Districts of New York, and Northern, Central and Southern Districts of California. *Education*: Elmira College; Middlebury College (B.A., *cum laude*, 1980); Marquette University (J.D., 1986); New York University. Thomas More Scholar. Recipient, American Jurisprudence Award in Agency. Member: The Association of the Bar of the City of New York. Languages: French.

**GREGORY M. NESPOLE:** *admitted*: New York; U.S. District Courts for the Southern and Eastern Districts of New York. *Education*: Bates College (B.A., 1989); Brooklyn Law School (J.D., 1993). Member, The Association of the Bar of the City of New York; New York State Bar Association. Mr. Nespole's experience includes complex civil and criminal litigation.

**DAVID L. WALES:** *admitted*: New York; District of Columbia; United States Court of Appeals for the Second and Fourth Circuits, the United States District Courts for the Southern, Eastern and Western Districts of New York, and the District of Columbia. *Education*: State University of New York, Albany (BA, *magna cum laude*, 1984); Georgetown University Law Center, (J.D., *cum laude*, 1987); Notes and Comments Editor, Georgetown Journal of Law and Technology. Mr. Wales was an Assistant United States Attorney for the Southern District of New York (1992-1998), where he specialized in investigating and prosecuting fraud and white collar criminal cases. Mr. Wales has extensive jury trial experience. Mr. Wales' recent trials include: (i) a jury verdict in May

[12]

**WOLF HALDENSTEIN ADLER FREEMAN & HERZ LLP**

2004 for more than $11 million in a derivative action against the general partner of a hedge fund; and (ii) a multi-million dollar settlement with an accounting firm reached during trial of a class action in April 2003.

**FRANCIS A. BOTTINI, JR.**: *admitted*:  California; Supreme Court of the United States; U.S. Court of Appeals for the Ninth Circuit; U.S. District Courts for the Southern, Central and Northern Districts of California.  *Education*:  St. Louis University (B.A., *magna cum laude*, 1990); University of San Diego (J.D., *cum laude*, 1994). Recipient, American Jurisprudence Award in Property. Lead Articles Editor, San Diego Law Review, 1993-1994. Licensed Real Estate Broker, California.  Author, "An Examination of the Current Status of Rating Agencies and Proposals for Limited Oversight of Such Agencies," 30 San Diego Law Review 579, 1993; "People v. Wheeler: A Pyrrhic Victory For The Prosecution?," 27 Beverly Hills Bar Assoc. Journal 140, 1993.  *The Federal Sentencing Guidelines For Organizations: Effects On Sentencing And Implications For Imposition Of Vicarious Liability*, 22 Academy of Legal Studies In Business National Proceedings 149 (1993), republished in part, *Los Angeles Daily Journal*, October 13, 1994; *Internal Corporate Investigations Under The Federal Sentencing Guidelines For Organizations: Suggestions For Their Conduction And Disclosure Duties Under The Federal Securities Laws*, 23 Academy of Legal Studies in Business National Proceedings (1994).  Adjunct Professor, Business Law, University of San Diego, 1995-1997.  Mr. Bottini is also an Adjunct Professor of Business Law at the University of San Diego. Languages: Spanish.

**DEMET BASAR**: *admitted*:  New York; New Jersey; U.S. District Court for the District of New Jersey, and Southern District of New York.  *Education*: Fairleigh Dickinson University (B.A., *summa cum laude*, 1984), Phi Omega Epsilon; Rutgers University School of Law (J.D., 1990). Recipient, West's Scholarship Award, Senior Notes and Comments Editor, Rutgers Law Review. Member, The Association of the Bar of the City of New York. Languages: Turkish.

**ADAM J. LEVITT**: *admitted*:  Illinois; Supreme Court of the United States; U.S. Courts of Appeals for the First and Seventh Circuits; U.S. District Courts for the Northern and Southern Districts of Illinois, Northern District of Indiana, District of Nebraska, and the Northern and Eastern Districts of Texas.  *Education*: Columbia College, Columbia University (A.B., *magna cum laude*, 1990); Northwestern University School of Law (J.D., 1993).  Member, American Law Institute.  Member, Chicago, Federal and American Bar Associations; Lawyers for the Creative Arts.  Seventh Circuit Contributing Editor, *Class Actions & Derivative Suits* (ABA).  Author, An Illinois Lawyer's Guide to Service of Process in Mexico," 82 *Illinois Bar Journal* 434 (1994).  Mr. Levitt also regularly serves as a moot court judge in the Julius H. Miner Moot Court Competition, Northwestern University School of Law.  In recognition of his achievements to date, Mr. Levitt was named one of the "40 Illinois Attorneys Under 40 Years Old to Watch" by the *Chicago Daily Law Bulletin* and the *Chicago Lawyer*.  Mr. Levitt specializes in securities, consumer, technology, and agricultural litigation.

[13]

## WOLF HALDENSTEIN ADLER FREEMAN & HERZ LLP

<div style="border:1px solid black; text-align:center;">

### OF COUNSEL

</div>

**ROBERT ABRAMS**: *admitted*:  New York; U.S. Court of Appeals for the Third Circuit; U.S. District Courts for the Southern and Eastern Districts of New York, Eastern District of Missouri, District of Maryland, and District of Delaware. *Education:* Haverford College (B.A. 1961); Columbia University (Ph.D., 1966), Brooklyn Law School (J.D., 1992). Woodrow Wilson Fellow; International Business Law Fellow. Adjunct Professor, Mediation Clinic, Brooklyn Law School, 1983-1984. Mr. Abrams was formerly a Professor of Political Science at Brooklyn College and the Graduate Center of the City University of New York. Member, New York State Bar Association. Mr. Abrams is the author of books on the theory of collective choice (Columbia University Press) and voting theory (Sage), as well as articles on Soviet politics, game theory and bargaining and negotiations. He has focused his practice on complex securities, ERISA and consumer actions.

**ROBERT B. WEINTRAUB**: *admitted*:  New York; Supreme Court of the United States; U.S. Court of Appeals for the Federal and Second Circuits; District of Columbia; U.S. District Courts for the Southern and Eastern Districts of New York. *Education*: Syracuse University (B.A., *cum laude*, 1972); Georgetown University Law Center (J.D., 1977). Member, 1975-1977, Articles Editor and Member, Executive Board, 1976-1977, Law and Policy in International Business, the Georgetown International Law Journal. Assistant Editor, Competition Working Group, "The OECD Guidelines for Multinational Enterprises: A Business Appraisal," 1977. Author, Law Backs Women Warriors, National Law Journal, June 7, 1993. Co-contributor: Chapter 7, "The Celler-Kefauver Act of 1950," 4 The Legislative History of the Federal Antitrust Laws and Related Statutes, edited by E. Kintner, Chelsea House Publishers, 1980. Mediator, U.S. District Court, Southern District of New York. Member, The Association of the Bar of the City of New York (Member, Committee on Securities Regulation; Council on International Affairs; Chair, 1991-1994 and Member, 1987-1990, Committee on Military Affairs and Justice; International Arms Control and Security Affairs, 1990-1991); American Bar Association. He has counseled corporations on contract negotiation and antitrust matters, and provided antitrust advice on mergers to the arbitrage department of a major brokerage house. He has served as an arbitrator for the NYSE, the NASD and the Municipal Securities Rulemaking Board and as a mediator for the federal District Court in New York. Mr. Weintraub also previously served as Senior Vice President and General Counsel of a broker-dealer investment bank which is a member of the NYSE, the NASD and other principal exchanges. Mr. Weintraub has particular experience in litigation involving investment firms and broker-dealers.

**WOLF HALDENSTEIN ADLER FREEMAN & HERZ LLP**

---

| ASSOCIATES |
| --- |

**RACHELE R. RICKERT**: *admitted*: California; U.S. District Court for the Southern District of California. *Education*: Point Loma Nazarene College (B.A., 1994); University of California, Hastings College of the Law (J.D., 1997). Member, State Bar of California. Former Deputy Alternate Public Defender for the County of San Diego.

**THOMAS H. BURT**: *admitted*: New York; U.S. District Courts for the Southern and Eastern Districts of New York. *Education*: American University (B.A., 1993); New York University (J.D., 1997). Articles Editor with New York University Review of Law and Social Change.

**SCOTT J. FARRELL**: *admitted*: New York; New Jersey; Southern and Eastern Districts of New York; District of New Jersey. *Education*: Yeshiva University (B.A., *magna cum laude,* 1996), where he was a Max Stern Scholar and Gruss Scholar; New York University School of Law (J.D., 1999), where he was an Article and Note Editor of the *Journal of Legislation and Public Policy*. He is the co-author of "In re Gary Glass and Zoltan Guttman," CFTC Docket No. 93-4, Futures & Derivatives Law Report, July/August, 1998.

**KATE MCGUIRE**: *admitted*: New York; U.S. District Courts for the Southern and Eastern Districts of New York. *Education*: University of California at Santa Cruz (B.A. 1995), Georgetown University Law Center (J.D., 1998); Member, Georgetown Immigration Law Journal.

**GUSTAVO BRUCKNER**: *admitted*: New York; New Jersey; United States District Court for the Districts of New Jersey, Eastern District of New York and Southern District of New York. *Education*: New York University (B.S., 1988); New York University (M.B.A. 1989); Benjamin N. Cardozo School of Law, Yeshiva University (J.D., 1992).

**STACEY T. KELLY**: *admitted*: New York; New Jersey; U.S. District Courts for the Southern and Eastern Districts of New York. *Education*: New York University (B.A., 1997); Rutgers School of Law - Newark (J.D., 2000). Member, New York State Bar Association; New York County Lawyers Association

**PAULETTE S. FOX**: *admitted*: New York, New Jersey, S.D.N.Y., E.D.N.Y.; Education: Benjamin N. Cardozo School of Law (J.D. 2001), Syracuse University (B.A. in Public Policy, summa cum laude, Phi Beta Kappa, 1998).

**CHRISTOPHER S. HINTON**: *admitted*: New York. *Education*: Marquette University (B.A., *magna cum laude*, 1997), Phi Beta Kappa; University of Illinois College of Law at Champaign (J.D., *cum laude*, 2002). Member, New York State Bar Association.

**WOLF HALDENSTEIN ADLER FREEMAN & HERZ LLP**

**TAMARA E. GROSS**: *admitted:* New York. *Education:* George Washington University (B.A., *summa cum laude,* 1999), Benjamin N. Cardozo School of Law, Yeshiva (J.D., 2002).

**MICHAEL J. MISKE**: *admitted*: New York. *Education:* St. John's University (B.A., *cum laude* (2000), New York Law School (J.D., 2000).

**AYA BOUCHEDID**: *admitted:* New York *Education*: McGill University School of Law, Bachelor of Laws (LL.B.) & Bachelor of Civil Laws (B.C.L) with Great Honors, June 2002; University of Montreal (B.A. Political Science, 1998).

**MATTHEW GUINEY**: *admitted:* New York. *Education:* Georgetown University Law Center (J.D. 2002). The College of William & Mary (B.A. in Govt. and Economics 1998).

**JESSICA HOFF**: *admitted:* Connecticut New York. *Education:* Denver University (B.A. 1999); University of Denver College of Law (J.D. 2003).

**JULIE E. FOX**: *admitted*: Texas; Illinois; U.S. District Court for the Northern District of Illinois, Eastern Division. *Education*: Indiana University (B.A., 1991); John Marshall Law School (J.D., 1994).

### Wolf Haldenstein partners who regularly provide their non-litigation expertise to class action litigation matters

**CHARLES H. BALLER**: *admitted*: New York. *Education*: New York University (B.S., *magna cum laude*, 1954); Columbia University (LL.B., 1957); New York University (L.L.M., Taxation, 1962). Beta Gamma Sigma; Beta Alpha Psi. Harlan Fiske Stone Scholar. Co-Editor and Contributing Author, April, 1981, with 1986 Supplement, Business Acquisitions, Practicing Law Institute. Member: The Association of the Bar of the City of New York; New York State and American Bar Associations. He worked in the office of Chief Counsel, Internal Revenue Service (Interpretative Division). A lecturer and author for the Practicing Law Institute (co-editor of the reference work *Business Acquisitions: Planning and Practice*), Mr. Baller is a corporate and tax attorney with extensive expertise in mergers and acquisitions, in complex estate planning, particularly relating to corporate and business holdings, and in employee benefits and compensation, including ERISA.

**ERIC B. LEVINE**: *admitted*: New York; U.S. Courts of Appeals for the Second and Eleventh Circuits, U.S. District Courts for the Southern and Eastern Districts of New York, and Eastern District of Michigan; U.S. Tax Court. *Education*: State University of New York at Buffalo (B.A., *summa cum laude*, 1974); University of Pennsylvania (J.D., *cum laude*, 1977). Order of the Coif, Phi Beta Kappa. Associate Editor, University of Pennsylvania Law Review, 1976-1977. Member, The Association of the Bar of the City of New York; New York State Bar Association. Mr. Levine's practice focuses on

## WOLF HALDENSTEIN ADLER FREEMAN & HERZ LLP

complex commercial and civil litigation, including in the area of bankruptcy and receivership litigation, creditors' rights, and lender liability.

**MARK C. SILVERSTEIN:** *admitted*: New York. *Education*: State University of New York at Binghamton (B.S., *summa cum laude*, 1980); New York University (J.D., *cum laude*, 1983). Order of the Coif. Editor, Journal of International Law and Politics, 1982-1983. Member, the Association of the Bar of the City of New York; New York State and American Bar Associations.  Mr. Silverstein serves as general counsel to corporations and handles matters involving tax planning and mergers and acquisitions. He also provides counseling in the structure of complex settlements and the administration of complex claims administrations.

**ELI D. GREENBERG:** *admitted*: New York. *Education*: New York University (B.S., *magna cum laude*, 1981.  New York University (J.D., 1984).  Beta Gamma Sigma. Lecturer, New York University. Member, American Health Lawyers Association.  Mr. Greenberg has extensive experience in pension, tax, benefits, and ERISA.

---

### SUBSTANTIAL RECOVERIES OBTAINED IN REPRESENTATIVE PAST CLASS ACTION CASES IN WHICH A WOLF HALDENSTEIN ATTORNEY WAS LEAD COUNSEL OR HAD ANOTHER SIGNIFICANT ROLE

---

- In re BankAmerica Corp. Securities Litigation, MDL Docket No. 1264 (JFN) (E.D. Mo.) (class recovered $490 million).

- In re MicroStrategy, Inc. Securities Litigation, Civ. No. 00-473-A (E.D. Va.) (class recovered $160 million in cash and securities).

- Kurzweil v. Philip Morris Cos., 94 Civ. 2373, 94 Civ. 2546 (S.D.N.Y.) (securities fraud) (class recovered $116.5 million in cash).

- In re Starlink Corn Products Liability Litigation, (N.D. Ill.) (class recovered $110 million).

- Computer Associates 2002 Class Action Litigation, 2:2002 CV 1226 (E.D.N.Y.) ($130 million settlement in this and two related actions).

- Berger v. Compaq Computer Corp., Docket No. 98-1148 (S.D. Tex.) (class recovered $29 million).

- In re Arakis Energy Corporation Securities Litigation, 95 CV 3431 (E.D.N.Y.) (class recovered $24 million in cash).

**WOLF HALDENSTEIN ADLER FREEMAN & HERZ LLP**

- In re E.W. Blanche Holdings, Inc. Securities Litigation, Civ. No. 01-258 (D. Minn.) (class recovered $20 million).

- In re Musicmaker.com Securities Litigation, CV-00-2018 (C.D. Cal.) (class recovered $13.75 million).

- In re Allaire Corp. Securities Litigation,  00-11972 (D. Mass.) (class recovered $12 million).

- Curative Health Services Securities Litigation, 99-2074 (E.D.N.Y.) (class recovered $10.5 million).

- City Partnership Co. v. Jones Intercable, 99 WM-1051 (D. Colo.) (class recovered $10.5 million).

- In re Tenfold Corporation Securities Litigation, 2:00-CV-652 (D. Utah) (class recovered $5.9 million).

- In re Industrial Gas Antitrust Litigation, 80 C 3479 and related cases (N.D. Ill.) (class recovered $50 million in cash and coupons).

- In re Chor-Alkalai and Caustic Soda Antitrust Litigation, 86-5428 and related cases (E.D. Pa.) (class recovered $55 million).

- In re Infant Formula Antitrust Litigation, M.D.L. 878 (N.D. Fla.) (class recovered $126 million).

- In re Brand Name Prescription Drug Antitrust Litigation, M.D.L. 940 (N.D. Ill.) (class recovered $715 million).

- Landon v. Freel, M.D.L. No. 592 (S.D. Tex.) (class recovered $12 million).

- Holloway v. Peat, Marwick, Mitchell & Co., No. 84 C 814 EU (N.D. Okla.) (class recovered $38 million).

- In re The Chubb Corp. Drought Insurance Litigation, C-1-88-644 (S.D. Ohio) (class recovered $100 million.).

- Wong v. Megafoods, Civ-94-1702 (D. Ariz.) (securities fraud) (class recovered $12.25 million).

- In re Del Val Financial Corp. Securities Litigation, 92 Civ 4854 (S.D.N.Y.) (class recovered $11.5 million).

- In re Home Shopping Network Shareholders Litigation, Consolidated Civil Action No. 12868, (Del. Ch. 1995) (class recovered $13 million).

[18]

# WOLF HALDENSTEIN ADLER FREEMAN & HERZ LLP

- In re Paine Webber Limited Partnerships Litigation, 94 Civ 8547 (S.D.N.Y.) (class recovered $200 million).

- In re Bristol-Meyers Squibb Co. Securities Litigation, 92 Civ 4007 (S.D.N.Y.) (class recovered $19 million).

- In re Spectrum Information Technologies Securities Litigation, CV 93-2245 (E.D.N.Y.) (class recovered $13 million).

- In re Chase Manhattan Securities Litigation, 90 Civ. 6092 (LJF) (S.D.N.Y.) (class recovered $17.5 million).

- Prostic v. Xerox Corp., No. B-90-113 (EBB) (D. Conn.) (securities fraud) (class recovered $9 million).

- Steiner v. Hercules, Civil Action No. 90-442-RRM (D. Del.) (securities fraud) (class recovered $18 million).

- In re Ambase Securities Litigation, 90 Civ 2011 (S.D.N.Y.) (class recovered $14.6 million).

- Steiner v. Phillips (In re Southmark Securities Litigation), CA No. 3-89-1402-D (N.D. Tex. (class recovered $70 million).

- Steiner v. Ideal Basic Industries, Inc., No. 86-M 456 (D. Colo. 1989) (securities fraud) (class recovered $18 million).

- Tucson Electric Power Derivative Litigation, 2:89 Civ. 01274 TUC. ACM (shareholder derivative action) (corporation recovered $30 million).

- Alleco Stockholders Litigation, (Cir. Ct. Prince Georges County, Md.) (class recovered $16 million).

- In re Revlon Group, Inc. Shareholders Litigation, No. 8362 (Del. Ch.) (class recovered $30 million).

- In re Taft Broadcasting Company Shareholders Litigation, No. 8897 (Del. Ch.) (class recovered $20 million).

- In re Southland Corp. Securities Litigation, No. 87-8834-K (D. Tex.) (class recovered $20 million).

- In re Crocker Bank Securities Litigation, CA No. 7405 (Del. Ch.) (class recovered $30 million).

[19]

## WOLF HALDENSTEIN ADLER FREEMAN & HERZ LLP

- In re Warner Communications Securities Litigation, No. 82 Civ. 8288 (JFK) (S.D.N.Y.) (class recovered $17.5 million).

- Joseph v. Shell Oil, CA No. 7450 (Del. Ch.) (securities fraud) (class recovered $200 million).

- In re Flight Transportation Corp. Securities Litigation, Master Docket No. 4-82-874, MDL No. 517 (D. Minn.) (class recovered $50 million.).

- In re Whittaker Corporation Securities Litigation, CA000817 (Cal. Super. Ct., Co. of Los Angeles) (class recovered $18 million).

- Naevus International, Inc. v. AT&T Corp., C.A. No. 602191/99 (N.Y. Sup. Ct.) (consumer fraud) (class recovered $40 million).

- Sewell v. Sprint PCS Limited Partnership, C.A. No. 97-188027/CC 3879 (Cir. Ct. for Baltimore City) (consumer fraud) (class recovered $45.2 million).

### REPRESENTATIVE REPORTED OPINIONS SINCE 1990 IN WHICH WOLF HALDENSTEIN WAS LEAD COUNSEL OR HAD ANOTHER SIGNIFICANT ROLE

#### Federal Appeals Court Opinions

- Perlman v. Pharmatrak, Inc., 2003 U.S. App. LEXIS 8758 (1st Cir. May 9, 2003).

- Berger v. Compaq Computer Corp., 257 F.3d 475 (2001), clarified, 279 F.3d 313 (5th Cir. 2002).

- In re Bankamerica Corp. Securities Litigation, 263 F.3d 795 (8th Cir. 2001).

- Wright v. Ernst & Young LLP, 152 F.3d 169 (2d Cir. 1998).

- Romine v. Compuserve Corp., 160 F.3d 337 (6th Cir. 1998).

- Felzen v. Andreas, 134 F.3d 873 (7th Cir. 1998).

- Brown v. Radica Games (In re Radica Games Securities Litigation), No. 96-17274, 1997 U.S. App. LEXIS 32775 (9th Cir. Nov. 14, 1997).

- Robbins v. Koger Properties, 116 F.3d 1441 (11th Cir. 1997).

- In re Painewebber Inc. Limited Partnerships Litigation, 94 F.3d 49 (2d Cir. 1996).

# WOLF HALDENSTEIN ADLER FREEMAN & HERZ LLP

- Glassman v. Computervision Corp., 90 F.3d 617 (1st Cir. 1996).

- Alpern v. Utilicorp United, Inc., 84 F.3d 1525 (8th Cir. 1996).

- Shaw v. Digital Equipment Corp., 82 F.3d 1194 (1st Cir. 1996).

- Riley v. Simmons, 45 F.3d 764 (3d Cir. 1995).

- Stepak v. Addison, 20 F.3d 398 (11th Cir. 1994).

- County of Suffolk v. Long Island Lighting Co., 907 F.2d 1295 (2d Cir. 1990).

### District Court Opinions

- Johnson v. Aegon USA, Inc., 1:01-CV-2617 (N.D. Ga. Sept. 20, 2004).

- Freeland v. Iridium World Communications, LTD., 99-1002 (D.D.C. Aug. 31, 2004).

- In re Acclaim Entertainment, Inc. Securities Litigation, 03-CV-1270 (E.D.N.Y. June 22, 2004).

- In re Sepracor, Inc. Securities Litigation, 308 F. Supp. 2d 20 (D. Mass. 2004).

- In re Concord EFS, Inc. Securities Litigation, No. 02-2697 (W.D. Tenn. Jan. 7, 2004).

- In re Enterprise Mortgage Acceptance Co., LLC, Sec. Litig., 02-Civ. 10288 (SWK) (S.D.N.Y. Nov. 5, 2003).

- In re PerkinElmer, Inc. Securities Litigation, 286 F. Supp. 2d 46 (D. Mass. 2003).

- In re Initial Public Offering Securities Litigation, 241 F. Supp. 2d 281 (S.D.N.Y. 2003).

- In re Comdisco Securities Litigation, 2003 U.S. Dist. LEXIS 5097 (N.D. Ill. March 3, 2003).

- City Partnership Co. v. Cable TV Fund 14-B, 213 F.R.D. 576 (D. Colo. 2002).

- In re Allaire Corporation Securities Litigation, Docket No. 00-11972 - WGY, 2002 U.S. Dist. LEXIS 18143 (D. Mass., Sept. 27, 2002).

[21]

**WOLF HALDENSTEIN ADLER FREEMAN & HERZ LLP**

- In re StarLink Corn Products Liability Litigation, 212 F. Supp. 2d 828 (N.D. Ill. 2002)

- In re Comdisco Securities Litigation, 166 F. Supp. 2d 1260 (N.D. Ill. 2001).

- In re Crossroads Systems, Inc. Securities Litigation, Master File No. A-00-CA-457 JN, 2001 U.S. Dist. LEXIS 14780 (W.D. Tx. Aug. 15, 2001).

- In re Microstrategy, Inc. Securities Litigation, 150 F. Supp. 2d 896 (E.D. Va. 2001).

- Lindelow v. Hill, No. 00 C 3727, 2001 U.S. Dist. LEXIS 10301, Fed. Sec. L. Rep. (CCH) P91,483 (N.D. Ill. July 19, 2001).

- In re Microstrategy, Inc. Securities Litigation, 148 F. Supp. 2d 654 (E.D. Va. 2001).

- Jeffries v. Pension Trust Fund of the Pension, Hospitalization & Benefit Plan of the Electrical Industry, 172 F. Supp. 2d 389 (S.D.N.Y. 2001).

- Carney v. Cambridge Technology Partners, Inc., 135 F. Supp. 2d 235 (D. Mass. 2001).

- Weltz v. Lee, 199 F.R.D. 129 (S.D.N.Y. 2001).

- Schoers v. Pfizer, Inc., 00 Civ. 6121, 2001 U.S. Dist. LEXIS 511 (S.D.N.Y. Jan. 23, 2001).

- Kurzweil v. Philip Morris Cos., 94 Civ. 2373 (MBM), 2001 U.S. Dist. LEXIS 83 (S.D.N.Y. Jan. 9, 2001).

- Goldberger v. Bear, Stearns & Co., 98 Civ. 8677 (JSM), 2000 U.S. Dist. LEXIS 18714, Fed. Sec. L. Rep. (CCH) P91, 287 (S.D.N.Y. Dec. 28, 2000).

- In re Newell Rubbermaid, Inc., Securities Litigation, Case No. 99 C 6853, 2000 U.S. Dist. LEXIS 15190 (N.D. Ill. Oct. 2, 2000).

- Stanley v. Safeskin Corp., Case No. 99 CV 454 BTM (LSP), 2000 U.S. Dist. LEXIS 14100, Fed. Sec. L. Rep. (CCH) P91, 221 (S.D. Cal. Sept. 18, 2000).

- In re Microstrategy, Inc. Securities Litigation, 115 F. Supp. 2d 620 (E.D. Va. 2000).

- In re USA Talks.com, Inc. Securities Litigation, 2000 U.S. Dist. LEXIS 14823, Fed. Sec. L. Rep. (CCH) P91, 231 (S.D. Cal. Sept. 14, 2000).

**WOLF HALDENSTEIN ADLER FREEMAN & HERZ LLP**

- In re Sotheby's Holdings, Inc. Securities Litigation, 00 CIV. 1041 (DLC), 2000 U.S. Dist. LEXIS 12504, Fed. Sec. L. Rep. (CCH) P91, 059 (S.D.N.Y. Aug. 31, 2000).

- Dumont v. Charles Schwab & Co., Inc., Civil Action No. 99-2840 2000 U.S. Dist. LEXIS 10906 (E.D. La. July 21, 2000).

- Berger v. Compaq Computer Corp., Civil Action No. H-98-1148, 2000 U.S. Dist. LEXIS 21424 (S.D. Tex. July 17, 2000).

- In re BankAmerica Corp. Securities Litigation, 95 F. Supp. 2d 1044 (E.D. Mo. 2000).

- In re Carnegie International Corp. Securities Litigation, 107 F. Supp. 2d 676 (D. Md. 2000).

- Berger v. Compaq Computer Corp., Civil Action No. H-98-1148, 2000 U.S. Dist. LEXIS 21423 (S.D. Tex. Mar. 13, 2000).

- In re Imperial Credit Industries Securities Litigation, CV 98-8842 SVW, 2000 U.S. Dist. LEXIS 2340, Fed. Sec. L. Rep. (CCH) P90, 965 (C.D. Cal. Feb. 23, 2000).

- Sturm v. Marriott Marquis Corp., 85 F. Supp. 2d 1356 (N.D. Ga. 2000).

- In re Health Management Systems Securities Litigation, 82 F. Supp. 2d 227 (S.D.N.Y. 2000).

- Dumont v. Charles Schwab & Co., Inc., Civil Action No. 99-2840, 2000 U.S. Dist. LEXIS 619 (E.D. La. Jan. 19, 2000).

- In re Microstrategy, Inc. Securities Litigation, 110 F. Supp. 2d 427 (E.D. Va. 2000).

- In re BankAmerica Corp. Securities Litigation, 78 F. Supp. 2d 976 (E.D. Mo. 1999).

- Kurzweil v. Philip Morris Cos., 94 Civ. 2373 (MBM), 1999 U.S. Dist. LEXIS 18378 (S.D.N.Y. Nov. 24, 1999).

- In re Nanophase Technologies Corp. Litigation, 98 C 3450, 1999 U.S. Dist. LEXIS 16171 (N.D. Ill. Sept. 27, 1999).

- In re Clearly Canadian Securities Litigation, File No. C-93-1037-VRW, 1999 U.S. Dist. LEXIS 14273, Fed. Sec. L. Rep. (CCH) P90, 664 (N.D. Cal. Sept. 7, 1999).

[23]

**WOLF HALDENSTEIN ADLER FREEMAN & HERZ LLP**

- Yuan v. Bayard Drilling Technologies, Inc., 96 F. Supp. 2d 1259 (W.D. Okla. 1999).

- In re Spyglass, Inc. Securities Litigation, No. 99 C 512, 1999 U.S. Dist. LEXIS 11382, Fed. Sec. L. Rep. (CCH) P90, 607 (N.D. Ill. July 20, 1999).

- Carley Capital Group v. Deloitte & Touche, L.L.P., 1:97-CV-3183-TWT, 1999 U.S. Dist. LEXIS 11595 (N.D. Ga. June 30, 1999).

- Carley Capital Group v. Deloitte & Touche, L.L.P., 1:97-CV-3183-TWT, 1999 U.S. Dist. LEXIS 11596 (N.D. Ga. June 30, 1999).

- Blue Cross & Blue Shield of N.J., Inc. v. Philip Morris, Inc., 98 CV 3287, 1999 U.S. Dist. LEXIS 11363 (E.D.N.Y. June 1, 1999).

- Carley Capital Group v. Deloitte & Touche, L.L.P., 1:97-CV-3183-TWT, 1999 U.S. Dist. LEXIS 1368, Fed. Sec. L. Rep. (CCH) P90, 429 (N.D. Ga. Jan. 19, 1999).

- Longman v. Food Lion, Inc., 186 F.R.D. 331 (M.D.N.C. 1999).

- Walsingham v. Biocontrol Technology, Inc., 66 F. Supp. 2d 669 (W.D. Pa. 1998).

- Sturm v. Marriott Marquis Corp., 26 F. Supp. 2d 1358 (N.D. Ga. 1998).

- Carley Capital Group v. Deloitte & Touche, L.L.P., 27 F. Supp. 2d 1324 (N.D. Ga. 1998).

- In re MobilMedia Securities Litigation, 28 F. Supp. 2d 901 (D.N.J. 1998).

- Weikel v. Tower Semiconductor, Ltd., 183 F.R.D. 377 (D.N.J. 1998).

- In re Health Management Systems Securities Litigation, 97 Civ. 1865 (HB), 1998 U.S. Dist. LEXIS 8061, Fed. Sec. L. Rep. (CCH) P90, 235 (S.D.N.Y. May 27, 1998).

- In re Painewebber Ltd. Partnership Litigation, 999 F. Supp. 719 (S.D.N.Y. 1998).

- Carley Capital Group v. Deloitte & Touche, L.L.P., 1:97-cv-3183-TWT, 1998 U.S. Dist. LEXIS 23222 (N.D. Ga. Feb. 10, 1998).

- In re TCW/DW North American Government Income Trust Securities Litigation, 95 Civ. 0167 (PKL), 1997 U.S. Dist. LEXIS 18485 (S.D.N.Y. Nov. 20, 1997).

- Wright v. Ernst & Young, LLP, 97 Civ. 2189 (SAS), 1997 U.S. Dist. LEXIS 13630, Fed. Sec. L. Rep. (CCH) P99, 567 (S.D.N.Y. Sept. 9, 1997).

[24]

**WOLF HALDENSTEIN ADLER FREEMAN & HERZ LLP**

- Felzen v. Andreas, No. 95-2279, 1997 U.S. Dist. LEXIS 23646 (C.D. Ill. July 7, 1997).

- Felzen v. Andreas, No. 95-2279, 1997 U.S. Dist. LEXIS 23647 (C.D. Ill. July 7, 1997).

- A. Ronald Sirna, Jr., P.C. Profit Sharing Plan v. Prudential Securities, Inc., 964 F. Supp. 147 (S.D.N.Y. 1997).

- Kurzweil v. Philip Morris Companies., 94 Civ. 2373 (MBM), 1997 U.S. Dist. LEXIS 4451, Fed. Sec. L. Rep. (CCH) P99, 446 (S.D.N.Y. April 8, 1997).

- Bobrow v. Mobilmedia, Inc., Civil Action No. 96-4715, 1997 U.S. Dist. LEXIS 23806 (D.N.J. March 31, 1997).

- Kalodner v. Michaels Stores, 172 F.R.D. 200 (N.D. Tex. 1997).

- In re Painewebber Ltd. Partnerships Litigation, 171 F.R.D. 104 (S.D.N.Y. 1997).

- A. Ronald Sirna, Jr., P.C. Profit Sharing Plan v. Prudential Securities, Inc., 95 Civ. 8422 (LAK), 1997 U.S. Dist. LEXIS 1226 (S.D.N.Y. Feb. 7, 1997).

- Dresner Co. Profit Sharing Plan v. First Fidelity Bank, N.A., 95 Civ. 1924 (MBM), 1996 U.S. Dist. LEXIS 17913 (S.D.N.Y. Dec. 3, 1996).

- Simon v. American Power Conversion Corp., 945 F. Supp. 416 (D.R.I. 1996).

- TII Industries, Inc., 96 Civ. 4412 (SAS), 1996 U.S. Dist. LEXIS 14466 (S.D.N.Y. Oct. 1, 1996).

- In re TCW/DW North American Government Income Trust Securities Litigation, 941 F. Supp. 326 (S.D.N.Y. Oct. 1, 1996).

- In re Painewebber Ltd. Partnership Litigation, 94 Civ. 8547 (SHS), 1996 U.S. Dist. LEXIS 9195 (S.D.N.Y. June 28, 1996).

- In re Tricord Systems, Inc., Securities Litigation, Civil No. 3-94-746, 1996 U.S. Dist. LEXIS 20943 (D. Minn. April 5, 1996).

- In re Painewebber Limited Partnership Litigation, 94 Civ. 8547 (SHS), 1996 U.S. Dist. LEXIS 1265 (S.D.N.Y. Feb. 6, 1996).

- Zitin v. Turley, [1991 Transfer Binder] Fed. Sec. L. Rep. (CCH) P.& 96,123 (D. Ariz. June 20, 1994).

**WOLF HALDENSTEIN ADLER FREEMAN & HERZ LLP**

- In re Southeast Hotel Properties Limited Partnership Investor Litigation, 151 F.R.D. 597 (W.D.N.C. 1993).

> **State Court Opinions**

- Naevus Int'l v. AT&T Corp., 283 A. D.2d 171, 724 N.Y.S. 2d 721 (2001).

- Paramount Communications, Inc. v. QVC Network, Inc., 637 A.2d 34 (Del. Supr. 1994).

- In re Western National Corp. Shareholders Litigation, Consolidated C.A. No. 15927, 2000 Del. Ch. LEXIS 82 (May 22, 2000).

- In re Cencom Cable Income Partners, L.P. Litigation, C.A. No. 14634, 2000 Del. Ch. LEXIS 90 (May 5, 2000).

- In re Cencom Cable Income Partners, L.P. Litigation, Consolidated C.A. No. 14634, 2000 Del. Ch. LEXIS 10 (Jan. 27, 2000).

- In re Marriott Hotels Properties II Limited Partnership Unitholders Litigation, Consolidated C.A. No. 14961, 2000 Del. Ch. LEXIS 17 (Jan. 24, 2000).

- Romig v. Jefferson-Pilot Life Insurance Company, 132 N.C. App. 682, 513 S.E.2d 598 (Ct. App. 1999), aff'd, 351 N.C. 349, 524 S.E.2d 804 (S. Ct. 2000).

- Wallace v. Wood, 752 A.2d 1175 (Del. Ch. 1999).

- Greenwald v. Batterson, C.A. No. 16475, 1999 Del. Ch. LEXIS 158 (July 26, 1999).

- Brown v. Perrette, Civil Action No. 13531, 1999 Del. Ch. LEXIS 92 (May 18, 1999).

- In re Cencom Cable Income Partners, L.P. Litigation, C.A. No. 14634, 1997 Del. Ch. LEXIS 146 (Oct. 15, 1997).

- In re Marriott Hotel Properties II Limited Partnership Unitholders Litigation, Consolidated C.A. No. 14961, 1997 Del. Ch. LEXIS 128 (Sept. 17, 1997).

- In re Cheyenne Software Shareholders Litigation, Consolidated C.A. No. 14941, 1996 Del. Ch. LEXIS 142 (Nov. 7, 1996).

- Seinfeld v. Robinson, 246 A.D.2d 291, 676 N.Y.S.2d 579 (N.Y. 1998).

**WOLF HALDENSTEIN ADLER FREEMAN & HERZ LLP**

- Werner v. Alexander, 130 N.C. App. 435, 502 S.E.2d 897 (N.C. Ct. App. 1998).

## NON-DISCRIMINATION POLICIES

Wolf Haldenstein does not discriminate or tolerate harassment against any employee or applicant because of race, creed, color, national origin, sex, age, disability, marital status, sexual orientation, or alienage or citizenship status and designs its hiring practices to ensure that minority group members and women are afforded equal employment opportunities without discrimination. The Firm is in compliance with all applicable Federal, State, County, and City equal employment opportunity laws.

Wolf Haldenstein is proud of its long history of support for the rights of, and employment opportunities for, women, the disadvantaged, and minority group persons, including the participation in civil rights and voter registration activities in the South in the early 1960's by partners of the Firm; the part-time employment of disadvantaged youth through various public school programs; the varied *pro bono* activities performed by many of the Firm's lawyers; the employment of many women and minority group persons in various capacities at the Firm, including at the partner level; the hiring of ex-offenders in supported job training programs; and the use of minority and women-owned businesses to provide services and supplies to the Firm.

**WOLF HALDENSTEIN ADLER FREEMAN & HERZ LLP**
**270 MADISON AVENUE**
**NEW YORK, NY 10016**
**Telephone: 212-545-4600**
**Telecopier: 212-545-4653**

**WWW.WHAFH.COM**

| | |
|---|---|
| **SYMPHONY TOWERS** | **656 WEST RANDOLPH STREET** |
| **750 B STREET, SUITE 2770** | **SUITE 500W** |
| **SAN DIEGO, CA 92101** | **CHICAGO, IL 60661** |
| **Telephone: 619-239-4599** | **Telephone: 312-466-9200** |
| **Telecopier: 619-234-4599** | **Telecopier: 312-466-9292** |

**625 NORTH FLAGLER DRIVE**
**WEST PALM BEACH, FL 33401**
**Telephone: 561-833-1776**

[27]