**WOLF HALDENSTEIN ADLER FREEMAN & HERZ LLP**    **MEMO ENDORSED**

FOUNDED 1888

270 MADISON AVENUE
NEW YORK, NY 10016
212-545-4600
WWW.WHAFH.COM

SYMPHONY TOWERS
750 B STREET – SUITE 2770
SAN DIEGO, CA 92101
619-239-4599

625 NORTH FLAGLER DRIVE
9TH FLOOR
WEST PALM BEACH, FL 33401
561-833-1776

WOLF HALDENSTEIN ADLER FREEMAN & HERZ LLC
656 WEST RANDOLPH STREET, SUITE 500W
CHICAGO, IL 60661
312-466-9200

DIRECT DIAL (212) 545-4690
FACSIMILE (212) 545-4653
isquith@whafh.com

January 10, 2005

[USDC SDNY / DOCUMENT ELECTRONICALLY FILED / DOC #: ___ / DATE FILED: 1/14/05]

**BY HAND DELIVERY**

Honorable Kenneth M. Karas
United States District Court
Southern District of New York
United States Courthouse
500 Pearl Street, Room 920
New York, New York 10007

Re:   Lydia Garcia v. Jakks Pacific, Inc., et al., 1:04-CV-8807(KMK) and all related cases

Dear Judge Karas:

We represent plaintiffs Quantum Equities LLC and Frank Whiting who have submitted papers to Your Honor seeking appointment as lead plaintiffs in the Jakks Pacific Securities Litigation before Your Honor, as well as consolidation of the various related cases.

We received Your Honor's Order dated January 4, 2005 by a telefax communication on January 5, 2005. Prior to that time, and pursuant to the Private Securities Reform Act of 1995 (the "PSLRA"), as required by that statute, we filed a motion on behalf of Quantum Equities LLC and Frank Whiting for consolidation of the related cases and appointment of lead plaintiff. Because the motion is statutorily required we did not follow Your Honor's rules requiring submission of a letter. We understand now from Your Honor's Order that you prefer that methodology and we extend our apology.

The basis the motion we would like to make before Your Honor is two-fold.

WOLF HALDENSTEIN ADLER FREEMAN & HERZ LLP

January 10, 2005
Page 2

**MEMO ENDORSED**

    First, with respect to consolidation of the related cases, we respectfully submit that all of the cases referred to in the caption above are related because they arise our of the same facts and circumstances and raise questions of law under federal securities laws.

    Second, with respect to the appointment of lead plaintiff, the PSLRA provides that the plaintiff with the largest financial interest and the relief sought by the class. We believe that our clients, the moving parties, have the largest financial interest. Our clients obtained losses of approximately $624,125.63. Should they be selected as lead plaintiffs, pursuant to the statute, our client's further request that Your Honor appoint this firm as lead counsel, pursuant to the statute. A greater explanation of the standards of our reasons are set forth in the papers previously filed and we are reluctant to extend this letter further given that we have filed papers, however erroneously.

    We are also aware that there are similar motions that have been filed by the Tucker Group, Allan Schrager and the Indiana Electrical Workers Pension Trust Fund. A review of those papers indicates that our client should be the presumptive lead plaintiff because its financial interest in the relief sought by the Class is greater than either of the moving parties.

    While there have been "withdrawals" of the motions, since we have filed papers we think it would be redundant to attempt to "withdraw" them (they were filed electronically) and then "refile" them should Your Honor grant leave to our motion. Should the Court, however, want us to "withdraw," we will do so.

    Your Honor has indicated that responses to this letter are due no later than January 17, 2005, and that Your Honor will be holding a status conference which will also be used as a pre-motion conference for January 25, 2005.

                                            Respectfully submitted,

                                            Fred Taylor Isquith

FTI/fb/388771
cc:    All Counsel on Attached Service List

*As with other plaintiffs, the Court requests plaintiffs identified herein to withdraw the motion without prejudice to renew it at a later time. This should not cause any prejudice since the request applies to all plaintiffs and the motion can easily be re-submitted.*

SO ORDERED

KENNETH M. KARAS U.S.D.J.
1/11/05