UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE JAKKS PACIFIC, INC. SHAREHOLDERS CLASS ACTION LITIGATION | Case No. 04-CV-8807 (KMK) |

**MEMORANDUM OF LAW OF QUANTUM EQUITIES LLC AND FRANK WHITING IN OPPOSITION TO THE COMPETING MOTION AND IN FURTHER SUPPORT OF THEIR MOTION FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF SELECTION OF LEAD COUNSEL**

Plaintiffs Quantum Equities LLC and Frank Whiting submit this memorandum of law in further support of their motion for: (i) appointment as Lead Plaintiff, pursuant to Section 21D of the Securities Exchange Act of 1934 (the "1934 Act"), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"); and (ii) approval of Lead Plaintiff's selection of Lead Counsel, and in opposition to the competing motion of the Indiana Electrical Workers.

**QUANTUM EQUITIES LLC AND FRANK WHITING SHOULD BE APPOINTED LEAD PLAINTIFF**

Quantum Equities LLC and Frank Whiting should be appointed lead plaintiff. Unlike the Indiana Electrical Workers, Quantum Equities LLC filed a complaint in this matter[1] and has timely moved with Frank Whiting to be appointed lead plaintiff on behalf of all persons who purchased or otherwise acquired the common stock of Jakks Pacific, Inc., between October 26, 1999 and October 19, 2004, inclusive. The Private Securities Litigation Reform Act of 1995 (the "PSLRA") provides that the presumptive lead plaintiff should be the movant with the largest

---

[1] Quantum Equities LLC v. Jakks Pacific, Inc., et al. 04-cv-8877[KMK].

391824

financial interest in the relief sought by the class and who otherwise satisfies Rule 23[2] of the Federal Rules of Civil Procedure.[3] 15 U.S.C. § 78u-4(a)(3)(B)(iii). A review of the competing motion indicates that movants Quantum Equities LLC and Frank Whiting, which together acquired 53,750 shares of Jakks common stock for $1,213,867.45 and thereby suffered $297,422.50 in overall losses, are the presumptive lead plaintiffs because their financial interest in the relief sought by the Class is greater than the competing movant in every respect. Movants Quantum Equities LLC and Frank Whiting each suffered losses greater than the other movant.[4] In fact, when using the FIFO method[5] it appears that competing movant Indiana Electrical Workers Pension Trust had a gain, not a loss.[6]

---

[2] As set forth in its opening memorandum, Quantum Equities LLC and Frank Whiting satisfy the requirements of Rule 23. Quantum Equities LLC filed an initial complaint with an expanded class period.

[3] The "institutional investor" status of the Indiana Electrical Workers is irrelevant to the determination of lead plaintiff except where it is proven that the presumptive lead plaintiff suffers from deficiencies that prohibit adequate representation of the Class. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II). Moreover, the Indiana Electrical Workers have failed to provide any evidence that it is an "institutional investor" other than the conclusory title that they have proffered without any supporting evidence. The Indiana Electrical Workers have also failed to provide any information that its "Administrative Manager" has the authority to act on the entity's behalf. Furthermore, movant Quantum Equities LLC is in fact an "institutional investor." [See Affidavit attached as Exhibit A to this Memorandum of Law]. In the unlikely event that the Court finds the Indiana Electrical Workers to be the most adequate plaintiff, Quantum Equities LLC and Frank Whiting respectfully request discovery of the Indiana Electrical Workers pursuant to the PSLRA, 15 U.S.C. § 78u-4(a)(3)(B)(iv), to examine their status as an "institutional investor" and account for their purported loss (which is actually a gain as set forth in note 6).

[4] As set forth in Exhibit D to the Declaration of Gustavo Bruckner, dated February 1, 2005, movant Quantum Equities LLC suffered losses of $68,840 and movant Frank Whiting suffered losses of $362,982.50 on Class Period purchased stock. Using the FIFO method and accounting for sales of pre-Class Period purchased stock, results in movant Frank Whiting suffering losses of $228,582.50.

[5] See, Plumbers and Pipefitters Local 572 Pension Fund v. Cisco Sys., Inc., No. C01-20418-JW, slip op. at 5, 6-7 (N.D. Cal. May 27, 2004).

[6] Movant the Indiana Electrical Workers Pension Trust Fund claims losses of just $5,443,66 on the trading of 3,500 shares but in fact failed to account for 500 additional shares sold during the class period that results in movant actually incurring a $417.50 total gain.

## CONCLUSION

For the foregoing reasons, Movants request that the Court: (i) appoint Movants Quantum Equities LLC and Frank Whiting as Lead Plaintiff in the Action; and (ii) approve Wolf Haldenstein Adler Freeman & Herz LLP as Lead Counsel for the Class.

DATED:  February 8, 2005
        New York, New York

Respectfully submitted,

**WOLF HALDENSTEIN ADLER FREEMAN & HERZ LLP**

By: _____
    Fred Taylor Isquith, Esq. (FI-6782)
    Gustavo Bruckner, Esq. (GB-7701)
    Christopher Hinton, Esq. (CH-0759)
270 Madison Avenue
New York, New York 10016
Telephone: (212) 545-4600
Facsimile: (212) 545-4653

**Proposed Lead Counsel**

Louis F. Burke, Esq. (LB-4686)
**Louis F. Burke P.C.**
460 Park Avenue, 21st Floor
New York, NY 10022
Telephone: (212) 682-1700
Facsimile: (212) 808-4280

**Additional Plaintiff's Counsel**

/391824

# EXHIBIT A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
──────────────────────────────── x

IN RE JAKKS PACIFIC, INC            :   Case No. 04-CV-8807 (KMK)
SHAREHOLDERS CLASS ACTION           :
LITIGATION                          :
                                    :
──────────────────────────────── x

## AFFIDAVIT

Michael Fishman, being duly sworn, deposes and says:

1. I am the managing director and a member of Quantum Equities, LLC ("Quantum") and file this affidavit is support of Quantum's motion to become lead plaintiff and for the approval of my counsel to become lead counsel in the above captioned litigation.

2. Quantum is a hedge fund located in Atlanta, Georgia and is engaged exclusively in the business of trading in the securities markets as an institutional client and as such is a sophisticated investor.

3. Quantum subscribes to at least 10 institutional level research vendors, receives reduced institutional commission rates and executes block orders through an institutional trading desk over an electronic communication network for execution on primary and non primary exchanges. This type of order execution process is only available to institutional clients.

4. Quantum suffered losses of over $68,000 on it transactions in JAKKS PACIFIC, INC. shares.

Quantum Equities LLC
By: _____
Michael Fishman
Managing Director and Member

Sworn to this 8th day
of February, 2005.

_____

[Notary Seal: ELIZABETH FORTHUN, MY COMMISSION EXPIRES FEB. 10 2006, FULTON COUNTY, GEORGIA, NOTARY PUBLIC]