UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE JAKKS PACIFIC, INC. SHAREHOLDERS CLASS ACTION LITIGATION | Case No. 04-CV-8807 (KMK) |

**REPLY MEMORANDUM OF LAW OF QUANTUM EQUITIES LLC AND FRANK WHITING IN OPPOSITION TO THE COMPETING MOTION AND IN FURTHER SUPPORT OF THEIR MOTION FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF SELECTION OF LEAD COUNSEL**

Despite making a profit in its stock transaction, and <u>having no case</u>, Indiana Electrical Workers Pension Trust (IEW) asks the Court to appoint them co-lead plaintiff. It provides a host of specious reasons and opposition. None can disguise the fatality of its own position of having <u>gained</u> in the stock or that, at best, that its alleged "losses" of $5,164 are less than <u>all</u> applicants including those who have withdrawn in favor of Quantum Equities and Frank Whiting. Accordingly, Movants Quantum Equities LLC and Frank Whiting submit this reply memorandum of law in opposition to the competing motion of the IEW and in further support of their motion for: (i) appointment as Lead Plaintiff; and (ii) approval of their selection of Wolf Haldenstein Adler Freeman & Herz LLP as Lead Counsel.

**RUSE EXPOSED**

In IEW's *Memorandum in Further Support of its Motion*, IEW has exposed its actual purpose for moving although it had a Class Period gain[1], has not submittted any evidence to the

---

[1] Movant the Indiana Electrical Workers Pension Trust Fund claims losses of just $5,164 on the trading of 3,500 shares but in fact failed to account for 500 additional shares sold during the Class Period that results in movant actually incurring a $417.50 total gain.

Court of the authority to enter this case[2], and for whom they have still failed to produce the authority to move. It now petitions the Court to allow it to "serve as co-lead plaintiff and its counsel as co-lead counsel together with the other movants...."[3] This gives strong indication that IEW's application is the very lawyer-driven litigation that enactment of the PSLRA sought to prevent.

The IEW ignores that other plaintiffs who have filed class-action securities complaints that were consolidated in this action, and previous lead plaintiff movants with actual losses, far greater than the IEW's, are supporting the application of movants Quantum Equities LLC and Frank Whiting for appointment as lead plaintiff.[4]

## THE IEW IS AN INADEQUATE LEAD PLAINTIFF

The IEW is an inadequate Lead Plaintiff not only because it has not suffered a loss during the Class Period, but because it fails to meet its own proffered standard for adequacy of representation: "the absence of potential conflict between the named plaintiffs and the class members."[5] The IEW takes positions that are in conflict with the members of the class and takes positions in its briefing that are in conflict with itself. IEW suggests that there was full disclosure by October 19, 2004.[6] Yet, in its opening memoranda, IEW urged a Class Period

---

[2]     A "certification" was submitted on its behalf which authorized the filing of a complaint – which has never been done! Nor is there any evidence that the certificate was signed by anyone with authority. Indeed, the name of the individual is illegible. See Exhibit B to *Declaration of Mario Alba, Jr.* filed on February 1, 2005.

[3]     See footnote 3 on page 7 of IEW's *Memorandum in Further Support of the Motion* filed on February 8, 2005.

[4]     See the withdrawal letter on behalf of Proposed Lead Plaintiff Allan Schrager dated January 25, 2005 and endorsed by this Court on January 27, 2005, "[t]herefore, we believe that Quantum, the lead plaintiff candidate with the largest financial interest in the litigation, is the appropriate lead plaintiff."

[5]     See page 8 of IEW's *Memorandum in Support of the Motion* filed on February 1, 2005.

[6]     See page 5 of IEW's *Memorandum in Further Support of the Motion* filed on February 8, 2005.

/392418.2

specifically through October 19, 2004[7]; and the initial complaint it references in its certification and which was drafted by counsel for IEW, specifically alleged a "class action on behalf of purchasers of the common stock of JAKKS between February 17, 2004 and October 19, 2004, **inclusive** (the "Class Period")."[8](Emphasis added.)

Furthermore, unlike institutional investor and movant Quantum Equities LLC, which has caused a complaint to be filed on its behalf[9] and which has demonstrated its authority to move for appointment as lead plaintiff, IEW has done neither.

### MOVANTS QUANTUM EQUITIES LLC AND FRANK WHITING ARE ADEQUATE AND TYPICAL LEAD PLAINTIFFS AND NOT SUBJECT TO UNIQUE DEFENSES

IEW attacks the adequacy and typicality of movants Quantum Equities LLC and Frank Whiting due to the timing of the defendants' fraud disclosures in comparison with movants' pattern of trades. This argument, which can only injure the Class and provide comfort to defendants, concerns the merits of the action and is not appropriate for a lead plaintiff determination. Consequently, in deciding a motion to serve as lead plaintiff, "the moving plaintiff must make only a preliminary showing that the adequacy and typicality requirements under Rule 23 have been met." Pirelli Armstrong Tire Corporation Retiree Medical Benefits Trust v. Labranche, 03 Civ. 8264(RWS), 2004 U.S. Dist. LEXIS 9571 (S.D.N.Y., May 27, 2004) at *54 (citations omitted). "In fact, a 'wide ranging analysis under Rule 23 is not appropriate [at this initial stage of the litigation] and should be left for consideration of a motion for class certification.'" Weinberg, 216 F.R.D. 248, at 252 (S.D.N.Y. 2003)(quoting In re Party

---

[7] See page 1 of IEW's *Memorandum in Support of the Motion* filed on February 1, 2005.
[8] See pages 1 and 4 of the complaint styled Garcia v. Jakks Pacific, Inc., et al. 04-cv-8807[KMK].
[9] See the complaint styled Quantum Equities LLC v. Jakks Pacific, Inc., et al. 04-cv-8877[KMK].

/392418.2

City Secs. Litig., 189 F.R.D. 91, 106 (D.N.J. 1999)). Movants Quantum Equities LLC and Frank Whiting have repeatedly shown in their memoranda that they are adequate and typical lead plaintiffs. Moreover, the United States Supreme Court has held that the Court should wait for development of the merits through exploration of disputed factual and legal issues before altering the alleged Class Period.[10] If it were an issue appropriately addressed at the earliest, organizational, stage of the case, a significant amount of litigation resolving fact-finding matters would occur during the lead plaintiff stage <u>before</u> a lead plaintiff has even been appointed. Such extensive litigation is clearly contrary to the purpose of the PSLRA lead plaintiff provision.

It was October 20, 2004, that was "the first trading day in which the investing public had knowledge of the full extent of JAKKS participation in the purported bribery scheme."[11] Even if there were a 44 minute period at the end of the trading day of October 19, 2004, after which purchasers of Jakks securities are subject to a truth on the market defense, that would be a question of fact appropriate to the determination on a class-wide basis and is not a "unique defense" that otherwise makes a lead plaintiff inadequate.[12] Nevertheless, as counsel for previously Proposed Lead Plaintiff Allan Schrager noted in its letter[13], after a review of the listed trading record, this is not the case for Quantum Equities LLC.

A class representative may be typical even if subject to defenses which are different from those of other class members, Trief v. Dun & Bradstreet Corp. 144 F.R.D. 193, at 199-200

---

[10]   See Basic, Inc. v. Levinson, 485 U.S. 224, 249 n.29 (1988) (factual determination of whether the market was misinformed for entire 14 month period "is a matter for trial").

[11]   See ¶52 of the complaint styled Quantum Equities LLC v. Jakks Pacific, Inc., et al. 04-cv-8877[KMK].

[12]   Any purported conflict of interest between purchasers prior to a corrective partial disclosure and those after does not rise to the level of a serious potential conflict of interest necessitating disqualification. Lyons v. Scitex Corp., 987 F. Supp. 271, 275 (S.D.N.Y. 1997).

[13]   See note 4, supra.

/392418.2

(S.D.N.Y. 1992),[14] and even if "later barred from recovery by a defense particular to him that would not impact other class members." Id. at 201. See also Michaels v. Ambassador Group, Inc., 110 F.R.D. 84, 88-89 (E.D.N.Y. 1986) (Court rejects defendant's argument that plaintiff is not typical because he is subject to unique defenses.) Typicality does not require that the claims of the class representatives and the claims of the class members be identical. Trief, 144 F.R.D. at 200. [In fact, IEW cites additional cases for this proposition in its own memoranda].[15] Furthermore, as noted above, movant IEW has sought to represent purchasers of Jakks securities on October 19, 2004, inclusive.

The IEW also attacks Quantum Equities LLC because it is a hedge fund with an "irregular trading" pattern and attacks Frank Whiting for selling all his shares during the Class Period. Neither hedge funds nor investors who sell stock and are injured -- those who bought and sold during the Class Period – are disqualified from appointment as lead plaintiffs. Courts hold that they do not have conflicting interests with the other Class members. Their injuries give them standing to assert claims. Counsel for IEW know this since they have previously represented an in and out trader who was certified as a Class Representative, See Welling v. Alexy, 155 F.R.D. 654, (N.D. Cal 1994), and have had this same argument rejected in this district by Judge Sweet. See Pirelli Armstrong Tire Corporation Retiree Medical Benefits Trust v. Labranche, 03 Civ. 8264(RWS), 2004 U.S. Dist. LEXIS 9571 (S.D.N.Y., May 27, 2004) at *65. See also Serafimov v. Netopia, No. C-04-03364RMW, 2004 U.S. Dist. LEXIS 25184

---

[14] "The Court is well aware that here, as in any class action, certain defenses or proof may ultimately be required of some class members but not others. To prohibit certification of a class on the basis of such speculation, however, would wholly negate the utility of the class action device and undermine the very policy that Rule 23 is intended to promote."

[15] See pages 7 and 8 of IEW's *Memorandum in Support of the Motion* filed on February 1, 2005.

/392418.2

(N.D. Cal., Dec. 3, 2004) (extensive in and out trader appointed lead plaintiff because net shares purchased during class period exceeded total shares purchased by other movants.) The issue of damages is clearly one that waits economic testimony, goes to the merits, and, is settled law to be a common issue. See Pirelli Armstrong Tire Corporation Retiree Medical Benefits Trust v. Labranche, 03 Civ. 8264(RWS), 2004 U.S. Dist. LEXIS 9571 (S.D.N.Y., May 27, 2004) note 30 at *62.

The courts have also consistently held that investment strategies are not relevant in a fraud-on-the-market case. See, e.g., Kirby v. Cullinet Software, Inc., 116 F.R.D. 303, 308 (D. Mass. 1987)("investment strategy is of little importance to suitability as a class representative")(citations omitted); Tolan v. Computervision, 696 F. Supp. 771, 779-180 (D. Mass. 1988) ("[i]t is of no consequence that the putative Plaintiffs devised different investment strategies"). In fact, even investors who engage in "erratic, counterintuitive, or speedy trading practices" have been found typical, because "[t]he securities laws . . . exist for the protection of every investor, not just the conservative or wise investor." In re Electro-Catheter Secs. Litig., [1987-1988 Transfer Binder] Fed. Sec. L. Rep. (CCH) ¶ 93,643, at ¶ 97,932 (D.N.J. Dec. 3, 1987). Regardless of movants Quantum Equities LLC or Frank Whiting's investment strategies or transactions in Jakks securities, each of them has claims typical of the Class at large; each sought to make a profit like every other member of the Class, only to suffer substantial damages due to defendants' fraudulent behavior. The IEW, on the other hand, engaged in an investment program and succeeded in making a profit.

## MOVANTS QUANTUM EQUITIES LLC AND FRANK WHITING HAVE THE UNDISPUTED LARGEST FINANCIAL INTEREST

The PSLRA provides that the presumptive lead plaintiff should be the movant with the largest financial interest in the relief sought by the class and who otherwise satisfies Rule 23[16] of the Federal Rules of Civil Procedure.[17] 15 U.S.C. § 78u-4(a)(3)(B)(iii). A review of the competing motion indicates that movants Quantum Equities LLC and Frank Whiting, which together acquired 53,750 shares of Jakks common stock for $1,213,867.45 and thereby suffered $297,422.50 in overall losses, are the presumptive lead plaintiffs because their financial interest in the relief sought by the Class is far greater than that of IEW in every respect. Movants Quantum Equities LLC and Frank Whiting each suffered losses.[18] <u>IEW made a profit</u>.

---

[16] As set forth in their opening memorandum, Quantum Equities LLC and Frank Whiting satisfy the requirements of Rule 23. Quantum Equities LLC filed an initial complaint with an expanded class period.

[17] The "institutional investor" status of the Indiana Electrical Workers is irrelevant to the determination of lead plaintiff except where it is proven that the presumptive lead plaintiff suffers from deficiencies that prohibit adequate representation of the Class. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II). Moreover, the Indiana Electrical Workers have failed to provide any evidence that it is an "institutional investor" other than the conclusory title that they have proffered without any supporting evidence. The Indiana Electrical Workers have also failed to provide any information that its "Administrative Manager" has the authority to act on the entity's behalf. Furthermore, movant Quantum Equities LLC is in fact an "institutional investor." [See Affidavit attached as Exhibit A to Quantum Equities LLC and Frank Whiting's *Memorandum of Law* filed February 8, 2005]. In the unlikely event that the Court finds IEW to be the most adequate plaintiff, Quantum Equities LLC and Frank Whiting respectfully request discovery of the IEW pursuant to the PSLRA, 15 U.S.C. § 78u-4(a)(3)(B)(iv), to examine their status as an "institutional investor" and account for their purported loss (which is actually a gain as set forth in note 1).

[18] As set forth in Exhibit D to the Declaration of Gustavo Bruckner, dated February 1, 2005, movant Quantum Equities LLC suffered losses of $68,840 and movant Frank Whiting suffered losses of $362,982.50 on Class Period purchased stock. Using the FIFO method and accounting for sales of pre-Class Period purchased stock, results in movant Frank Whiting suffering losses of $228,582.50.

/392418.2

## CONCLUSION

For the foregoing reasons, Movants request that the Court: (i) appoint Movants Quantum Equities LLC and Frank Whiting as Lead Plaintiff in the Action; and (ii) approve Wolf Haldenstein Adler Freeman & Herz LLP as Lead Counsel for the Class.

DATED: February 11, 2005
New York, New York

Respectfully submitted,

**WOLF HALDENSTEIN ADLER FREEMAN & HERZ LLP**

By: _____
Fred Taylor Isquith, Esq. (FI-6782)
Gustavo Bruckner, Esq. (GB-7701)
Christopher Hinton, Esq. (CH-0759)
270 Madison Avenue
New York, New York 10016
Telephone: (212) 545-4600
Facsimile: (212) 545-4653

**Proposed Lead Counsel**

Louis F. Burke, Esq. (LB-4686)
**Louis F. Burke P.C.**
460 Park Avenue, 21st Floor
New York, NY 10022
Telephone: (212) 682-1700
Facsimile: (212) 808-4280

**Additional Plaintiff's Counsel**