UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

———————————————————— x
                                            :    Case No. 04-CV-8807 (KMK)
IN RE JAKKS PACIFIC, INC.                   :
SHAREHOLDERS CLASS ACTION                   :
LITIGATION                                  :
                                            :
———————————————————— x

REPLY MEMORANDUM IN FURTHER SUPPORT OF THE MOTION OF INDIANA
ELECTRICAL WORKERS FOR APPOINTMENT AS LEAD PLAINTIFF AND FOR
APPROVAL OF SELECTION OF LEAD COUNSEL

Indiana Electrical Workers Pension Trust Fund IBEW ("Indiana Electrical Workers") respectfully submits this reply memorandum of law in order to address one limited issue raised in the Memorandum Of Law Of Quantum Equities LLC And Frank Whiting In Opposition To The Competing Motion And In Further Support Of Their Motion For Appointment As Lead Plaintiff And Approval Of Selection Of Lead Counsel, dated February 8, 2005 (hereinafter "Quantum Opp. at ___").

In their opposition, Quantum Equities LLC and Frank Whiting contend that the Indiana Electrical Workers had a gain on its transactions in JAKKS Pacific, Inc. ("JAKKS") common stock during the Class Period "when using the FIFO method," although they fail to explain how they arrived at the figure they cite. Quantum Opp. at 2, n. 6.[1]  They are wrong.

As detailed in our prior submissions, the Indiana Electrical Workers suffered a loss of $5,443.55 on its transactions in JAKKS common stock utilizing the "FIFO" – First-In-First Out – methodology. *See* Exhibit B to the Declaration Of Mario Alba Jr. In Support Of The Motion Of Indiana Electrical Workers For Appointment As Lead Plaintiff And For Approval Of Selection Of Lead Counsel, dated February 1, 2005. Under FIFO, if there are Class Period sales of stock, the Class Period sales are netted against pre-Class Period holdings until the pre-Class Period holdings are exhausted and then Class Period sales are netted against Class Period purchases.

That is exactly what was done here. Applying FIFO to the Indiana Electrical Workers' transactions yields a loss not a gain. The Indiana Electrical Workers had an opening pre-Class

---

[1]    Quantum and Whiting may have simply read the Indiana Electrical Workers' loss chart incorrectly by failing to see the words "held" before the final transaction listed in the sale column. *See* Quantum Opp. at 2, n.6 (noting that the Indiana Electrical Workers failed to account for 500 additional shares sold during the Class Period). To erase any confusion, there was no sale (nor is one indicated by the chart) and the stock was held at the end of the Class Period.

Period position of 500 shares of JAKKS common stock which were matched against its first Class

Period sale of 500 shares at $11.60 per share on July 24, 2003. The balance of the Indiana Electrical

Workers' buy/sell transactions were matched against each other as set forth in the loss chart attached

as Exhibit B to the declaration filed on February 1, 2005.  Thus, at the end of the Class Period, the

Indiana Electrical Workers were left holding 500 shares of JAKKS common stock and suffered

Class Period losses of $5,443.55.[2]

  For the reasons set forth herein and in our prior submissions, it is respectfully submitted that

the Court should grant the Indiana Electrical Workers' motion for appointment as Lead Plaintiff in

this action and approve its selection of Lerach Coughlin Stoia Geller Rudman & Robbins LLP to

serve as Lead Counsel.

DATED: February 8, 2005    LERACH COUGHLIN STOIA GELLER
             RUDMAN & ROBBINS LLP
          SAMUEL H. RUDMAN (SR-7957)
          DAVID A. ROSENFELD (DR-7564)
          MARIO ALBA JR. (MA-7240)


            /s/ Samuel H. Rudman
           SAMUEL RUDMAN

          200 Broadhollow Road, Suite 406
          Melville, NY  11747
          Telephone:  631/367-7100
          631/367-1173 (fax)

          [Proposed] Lead Counsel for Plaintiffs

---

[2]  Although it wrongly accuses Indiana Electrical Workers for failing to properly document its losses, counsel for Quantum Equities and Frank Whiting have continued to submit erroneous loss calculations. On January 4, 2005, when they originally submitted this motion, counsel proclaimed a loss of $624,125.63. Then, on February 1, 2005, when counsel resubmitted their motion, their loss calculation changed dramatically to $297,422.50. This latest calculation is also inaccurate.

## CERTIFICATE OF SERVICE

I, Mario Alba Jr., hereby certify that on February 11, 2005, I caused a true and correct copy

of the attached:

Reply Memorandum In Further Support Of The Motion Of Indiana Electrical
Workers For Appointment As Lead Plaintiff And For Approval Of Selection Of Lead
Counsel,

to be served: (i) electronically on all counsel registered for electronic service for this case; and (ii) by

first-class mail to all additional counsel on the attached service list.


/s/ Mario Alba Jr.
Mario Alba Jr.