UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| In re JAKKS PACIFIC, INC. SHAREHOLDERS CLASS ACTION LITIGATION | : Civil Action No. 04-CV-8807 (KMK) : : **ELECTRONICALLY FILED** : : CLASS ACTION |
| This Document Relates To:  ALL ACTIONS. | : : MEMORANDUM OF LAW IN SUPPORT : OF PLAINTIFFS' MOTION TO STRIKE : CERTAIN EXHIBITS |

Lead Plaintiffs Indiana Electrical Workers Pension Trust Fund IBEW, Kenneth J. Tucker, Tonia R. Tucker-Kraus and Michael Kraus ("Lead Plaintiffs") respectfully submit this memorandum of law in support of their motion to strike certain exhibits attached to the Declaration of Jonathan J. Lerner (the "Declaration") in support of Defendants' Motion to Dismiss the Consolidated Amended Class Action Complaint ("Motion to Dismiss").

## I.      INTRODUCTION

On July 11, 2005, Lead Plaintiffs filed their Consolidated Amended Class Action Complaint (the "Complaint") for violations of the federal securities laws against the Defendants. On September 9, 2005, Defendants filed their Motion to Dismiss. Together with their Motion to Dismiss, Defendants filed the Declaration which contained 8 exhibits.

Lead Plaintiffs object to the submission of Exhibits A and C to the Declaration (collectively, the "Disputed Exhibits"). The Disputed Exhibits are not integral to, relied upon, attached to, or referenced in the Complaint. Moreover, the Disputed Exhibits are not the types of documents whose authenticity and accuracy cannot reasonably be questioned. Fed. R. Evid. 201(b)(2). Consequently, Lead Plaintiffs move to strike the Disputed Exhibits and all references thereto from Defendants' Motion.

In addition, Defendants improperly advance numerous arguments and statements which rely on the truth of the matter asserted in the Disputed Exhibits. *See Kramer v. Time Warner, Inc.,* 937 F.2d 767, 774 (2d Cir. 1991). As a result, Lead Plaintiffs additionally move to strike Defendants' arguments which rely on the truth of the matter asserted in the Disputed Exhibits.[1]

---

[1]     Lead Plaintiffs respectfully request that this Motion to Strike be heard in conjunction with oral argument on Defendants' Motion to Dismiss.

Under the Private Securities Litigation Reform Act of 1995 ("PSLRA"), defendants in a securities action may either: (i) answer the complaint and engage in discovery; or (ii) move to dismiss the complaint pursuant to the Federal Rules of Civil Procedure, thus invoking the PSLRA's stay of discovery provision. 15 U.S.C. §78u-4(b)(3)(B). Here, the Defendants have moved to dismiss the Complaint, thereby obtaining the benefits of the PSLRA's stay of discovery. Contrary to Second Circuit authority, however, Defendants have sought to introduce into the record documents and contentions of disputed fact that are not referenced in the Complaint and are not properly considered on a motion to dismiss. In doing so, Defendants have attempted to impede Lead Plaintiffs under the PSLRA's discovery stay while asking the Court to determine substantive factual issues in their favor in the context of a purely procedural motion.

## II.    ARGUMENT

### A.    LEAD PLAINTIFFS' MOTION TO STRIKE SHOULD BE GRANTED

Courts in this Circuit have long recognized that when deciding a motion to dismiss, a court may only consider documents attached to the complaint as exhibits or incorporated in it by reference or documents that are matters of public record. *See In re Global Crossing, Ltd. Sec. Litig.*, 313 F. Supp. 2d 189, 195 (S.D.N.Y. 2003). These are narrow exceptions and they are "not intended to grant litigants license to ignore the distinction between motion to dismiss and motions for summary judgment." *Levenstein v. Salafsky*, 164 F.3d 345, 347 (7th Cir. 1998); *see also In re KeySpan Corp. Sec. Litig.*, No. 01 CV 5852 (ARR), 2003 U.S. Dist. LEXIS 26173 (E.D.N.Y. July 30, 2003) (holding that the Court must not draw factual inferences raised by defendants in a motion to dismiss.). Moreover, if the document is deemed to be a "matter of public record," that document can only be considered for the purpose of determining the statements it contains. *See In re Omnicom Group, Inc. Sec. Litig.*, 02 Civ. 4483 (RCC), 2005 U.S. Dist. LEXIS 5272 (S.D.N.Y. Mar. 30, 2005);

*In re Luxottica Group S.p.A., Sec. Litig.*, 293 F. Supp. 2d 224 (E.D.N.Y. 2003). The court must accept as true the facts stated on the face of the complaint, in documents appended to the complaint or incorporated in the complaint by reference, and to matters of which judicial notice may be taken. *Omnicom*, 2005 U.S. Dist. LEXIS 5272.

If, on a motion to dismiss, the Court considers documents that do not fall within the exceptions noted above, that review converts the motion to dismiss into a motion for summary judgment, and "all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56." Fed. R. Civ. P. 12(b).

As described more fully below, the Disputed Exhibits either do not fall into any of the exceptions recognized by courts in this Circuit or may not be considered beyond the basic statement contained in the documents. Thus, the Disputed Exhibits should be stricken.

### 1.    The January 2004 Settlement Agreement Should Be Stricken

Defendants' Motion to Dismiss improperly relies on Exhibit C, a "Settlement Agreement and General Release of all Claims" (the "Release") between Jakks and WWE, apparently entered into in January 2004. Lead Plaintiffs do not refer to, cite or quote from the Release. Further, the Release was not attached to the Complaint as an exhibit. Finally, the Release is not a publicly-filed disclosure document or a fact of which the Court may take judicial notice.

When a document is not attached to the complaint or incorporated by reference, and is not a publicly-filed disclosure document or a matter of which the Court may take judicial notice, it may only be considered if the Court finds that plaintiff both possessed the document and relied upon it in preparing the Complaint. *See Calcutti v. SBU, Inc.*, 273 F. Supp. 2d 488 (S.D.N.Y. 2003) (finding that judicial notice of a release would violate section 201 of the Federal Rules of Evidence).

The Release is not mentioned in, attached to, or incorporated by reference in Lead Plaintiffs' Complaint. In fact, Plaintiffs' had no notice of and were unaware of the existence of the Release

- 3 -

when preparing the Complaint. In this regard, this Court should strike Exhibit C of Defendants' Motion and deny Defendants' use of the document or reference to it at this stage of the litigation.[2]

### 2.    Defendants' Reference to an SEC Filing by WWE is of No Consequence to Defendants' Motion to Dismiss

Defendants' Motion to Dismiss also improperly relies on Exhibit A, WWE's Form 10-K filed with the SEC on July 7, 2004. Specifically, Defendants quote the portion of the SEC filing that discusses WWE's numerous worldwide licenses, including its license with THQ/Jakks Pacific, LLC, a joint venture between THQ Inc. and Jakks. Defendants boldly assert that the SEC filing refutes evidence of a bribery scheme implemented by Defendants to obtain WWE licensing on behalf of Jakks. Defendants then argue that the factual dispute raised by their contention is a basis for dismissal of Plaintiffs' Complaint. By doing so, not only do Defendants ask this Court to accept the truth of WWE's SEC filing, Defendants go so far as to ask this Court to draw inferences -- and accept as truth -- statements that were ***not made*** by WWE.

Defendants' use of Exhibit A is entirely improper. Indeed, the mere filing of a document with the SEC does not mean that the statements contained therein are true. *See Joseph v. Wiles*, 223 F.3d 1155, 1166 (10th Cir. 2000) ("That defendants filed a misleading document with a regulatory agency does not lend any more credibility or veracity to the document than if they had simply given the document to investors"); 15 U.S.C. §78(z) (publicly filed reports cannot be used to support a finding "that such statement or report is true and accurate on its face or that it is not false or misleading"); Rule 14a-9 of the Securities Exchange Act of 1934 (17 C.F.R. § 240.14a-9) ("The fact that a proxy statement, form of proxy or other soliciting material has been filed with or examined by

---

[2]   Defendants will be afforded an opportunity to introduce the Release at the discovery stage of this action.

the Commission shall not be deemed a finding by the Commission that such material is accurate or complete or not false or misleading, or that the Commission has passed upon the merits of or approved any statement contained therein or any matter to be acted upon by security holders. No representation contrary to the foregoing shall be made.").

Accordingly, WWE's 2004 Form 10-K should be stricken from the record and not considered on the Motion to Dismiss.

## III.  CONCLUSION

For the foregoing reasons, Lead Plaintiffs' motion to strike the Disputed Exhibits should be granted in its entirety.

DATED:  November 15, 2005    LERACH COUGHLIN STOIA GELLER
　　　　　　　　　　　　　　　　　　　RUDMAN & ROBBINS LLP
　　　　　　　　　　　　　　　　　SAMUEL H. RUDMAN (SR-7957)
　　　　　　　　　　　　　　　　　DAVID A. ROSENFELD (DR-7564)
　　　　　　　　　　　　　　　　　MARK S. REICH (MR-4166)

　　　　　　　　　　　　　　　　　　　/s/ Samuel H. Rudman
　　　　　　　　　　　　　　　　　　SAMUEL H. RUDMAN

200 Broadhollow Road, Suite 406
Melville, NY  11747
Telephone:  631/367-7100
631/367-1173 (fax)

MILBERG WEISS BERSHAD
　& SCHULMAN LLP
STEVEN G. SCHULMAN (SS-2561)
DANIEL B. SCOTTI (DS-4139)

　　　　　　　　　　　　　　　　　　　/s/ Daniel B. Scotti
　　　　　　　　　　　　　　　　　　DANIEL B. SCOTTI

One Pennsylvania Plaza
New York, NY  10119
Telephone:  212/594-5300
212/868-1229 (fax)

Co-Lead Counsel for Plaintiffs

**CERTIFICATE OF SERVICE**

I, Mark S. Reich, hereby certify that on November 15, 2005, I caused a true and correct copy of the attached:

Memorandum of Law In Opposition To Defendant's Motion To Dismiss The Consolidated Complaint;

Notice of Motion To Strike Certain Exhibits; and

Memorandum of Law In Support Of Plaintiffs' Motion To Strike Certain Exhibits

to be served: (i) electronically on all counsel registered for electronic service for this case; and (ii) by first-class mail to all additional counsel on the attached service list.

      /s/ Mark S. Reich
      Mark S. Reich

**JAKKS SERVICE LIST**

**Plaintiff's Counsel**

Samuel H. Rudman
David A. Rosenfeld
Mark S. Reich
**Lerach Coughlin Stoia Geller Rudman & Robbins LLP**
200 Broadhollow Road, Suite 406
Melville, NY  11747
Phone 631/367-7100
631/367-1173 (fax)

Steven G. Schulman
Daniel B. Scotti
**Milberg Weiss Bershad & Schulman, LLP**
One Pennsylvania Plaza, 49th Floor
New York, NY  10119
Phone 212/594-5300
212/868-1229 (fax)

**Defendant's Counsel**

Isaac S. Greaney
**Sidley, Austin, Brown, & Wood, LLP**
787 Seventh Avenue, 22nd Floor
New York, NY  10019
Phone 212/839-5300
212/839-5599 (fax)

John R. Williams
**Schweitzer Cornman Gross & Bondell, LLP**
292 Madison Avenue
New York, NY  10017
Phone 646/424-0770
646/424-0880 (fax)

Michael H. Gruenglas
**Skadden, Arps, Slate, Meagher & Flom LLP**
Four Times Square
New York, New York  10036
Phone 212/735-3000
212/735-2000 (fax)

Murray L. Skala
Jonathan D. Honig
**Feder, Kaszovitz, Isaacson, Weber, Skala,
      Bass & Rhine, LLP**
750 Lexington Avenue
New York, NY  10022
Phone 212/888-8200
212/888-5968 (fax)