UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------- x
IN RE JAKKS PACIFIC, INC.    :   Civil Action No. 04-CV-8807
SHAREHOLDERS CLASS ACTION        (KMK)
LITIGATION                       (ECF CASE)
                             :

                             :
------------------------------------- x

# DEFENDANTS' MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFFS' MOTION TO STRIKE CERTAIN EXHIBITS REFERRED TO IN DEFENDANTS' MOTION TO DISMISS THE CONSOLIDATED AMENDED COMPLAINT

FEDER, KASZOVITZ, ISAACSON, WEBER,
  SKALA, BASS & RHINE LLP
Murray L. Skala (MS 9354)
Jonathan D. Honig (JH 7577)
750 Lexington Avenue
New York, New York 10022
Phone: (212) 888-8200
Fax: (212) 888-5968

SKADDEN, ARPS, SLATE,
  MEAGHER & FLOM LLP
Jonathan J. Lerner (JL 7117)
Michael H. Gruenglas (MG 8705)
Maura B. Grinalds (MG 2836)
Sharon Garb (SG 7928)
Four Times Square
New York, New York 10036
Phone: (212) 735-3000
Fax: (212) 735-2000

December 22, 2005

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ............................................................................................................ ii

INTRODUCTION ............................................................................................................................1

ARGUMENT ....................................................................................................................................2

I.     PLAINTIFFS' MOTION TO STRIKE SHOULD BE DENIED .........................................2

     A.     The Court May Take Notice of The General Release Between WWE and Jakks, Which is a Part of the Public Record ............................................................3

     B.     The Court May Take Notice of WWE's 10-K Filed With The SEC ........................6

CONCLUSION .................................................................................................................................7

# TABLE OF AUTHORITIES

## CASES

5-Star Management, Inc. v. Rogers, 940 F. Supp. 512 (E.D.N.Y. 1996) ........................2, 4

Calcutti v. SBU, Inc., 273 F. Supp. 2d 488 (S.D.N.Y. 2003) ...............................................4

In re Enron Corp. Sec., Derivative & "ERISA" Litigation, No. H-01-3624
    (S.D. Tex. Mar. 15, 2004) ...............................................................................................3

In re Global Crossing, Ltd. Sec. Litigation, 313 F. Supp. 2d 189
    (S.D.N.Y. 2003) ...............................................................................................................3

Kramer v. Time Warner Inc., 937 F.2d 767 (2d Cir. 1991) ........................................2, 3, 6

In re Omnicom Group, Inc. Sec. Litigation, No. 02 Civ. 4483, 2005 WL.
    735937 (S.D.N.Y. Mar. 30, 2005) ..................................................................................7

Six W. Retail Acquisition, Inc. v. Sony Theatre Management Corp., No. 97 Civ.
    5499, 2000 WL. 264295 (S.D.N.Y. Mar. 9, 2000) .....................................................3, 5

In re Tamoxifen Citrate Antitrust Litigation, 277 F. Supp. 2d 121
    (E.D.N.Y. 2003) ...............................................................................................................3

Weizmann Institute of Science v. Neschis, 229 F. Supp. 2d 234 (S.D.N.Y. 2002).............4

Defendants Jakks Pacific, Inc. ("Jakks" or the "Company"), Jack Friedman, Steven G. Berman, and Joel M. Bennett (collectively, the "Defendants") respectfully submit this memorandum in opposition to Plaintiffs' Motion To Strike Certain Exhibits ("Pl. MTS") referred to in Defendants' September 9, 2005 Memorandum of Law in Support of Their Motion to Dismiss The Consolidated Amended Complaint ("Def. Br.").[1]

## INTRODUCTION

In their September 9, 2005 Memorandum of Law in Support of their Motion to Dismiss, Defendants demonstrated that the central allegations in Plaintiffs' Consolidated Amended Complaint (the "Complaint") are based on unverified -- and now abandoned -- assertions contained in the initial complaint filed by plaintiff WWE in the related case captioned WWE v. JAKKS Pacific Inc. et al., 04cv8223 (S.D.N.Y.) (the "WWE Action"). (See, e.g., Def. Br. at 7, 8-9, 50-53.) In their memorandum opposing dismissal, Plaintiffs do not dispute that they have no independent basis for their allegations and that they rely entirely on the everchanging pleadings drafted by the attorneys for WWE. (See Def. Reply Br. at 28.) In fact, the Complaint expressly acknowledges that it is based on the filings in the WWE Action, as well as public filings with the Securities and Exchange Commission ("SEC"). (See Complaint at 1.) Having relied virtually entirely -- and improperly -- on these two sources of information as the basis for their Complaint, Plaintiffs now ask the Court to turn a blind eye to publicly available documents <u>from these same sources</u> that directly contradict allegations in the Complaint.[2]

---

[1] Defendant's Reply Memorandum of Law in Support Their Motion to Dismiss the Consolidated Amended Complaint is cited as "Def. Reply Br."

[2] Although Plaintiffs had months to review Defendants' moving brief, and even obtained an extension of time to respond, which the Court had previously instructed should not be requested, Plaintiffs filed and served their

*(cont'd)*

1

As discussed below, it is settled law that a court should consider documents in the public record that directly contradict allegations in a Complaint to determine whether the Complaint states a claim. The two documents from the public record at issue -- which are <u>not</u> offered for consideration of the truth of their contents -- directly contradict Plaintiffs' allegations that Defendants knew WWE was going to initiate a lawsuit prior to the announcement of the litigation in October 2004 (although those factually unsupported conclusory allegations would fail to state a claim even without the documents at issue). Plaintiffs cannot contend they were not on notice of these documents when they are part of the same public record on which Plaintiffs base their entire claim.

## ARGUMENT

### I. PLAINTIFFS' MOTION TO STRIKE SHOULD BE DENIED

In the Second Circuit, a court deciding a motion to dismiss is not limited to documents that are attached to or incorporated into the complaint by reference, but may properly consider matters of which judicial notice may be taken. <u>Kramer v. Time Warner Inc.</u>, 937 F.2d 767, 773-74 (2d Cir. 1991) (taking judicial notice of SEC filings and stating that "courts routinely take judicial notice of documents filed in other courts"). As the Second Circuit recognized, this principle applies to publicly available documents that have been previously filed in the course of litigation. See <u>5-Star Mgmt., Inc. v. Rogers</u>, 940 F. Supp. 512, 518 (E.D.N.Y. 1996) (taking judicial notice of admission contained in hearing transcript from another case); <u>Six W. Retail Acquisition, Inc. v. Sony Theatre Mgmt. Corp.</u>, No. 97 Civ. 5499, 2000 WL 264295, at *13 (S.D.N.Y. Mar. 9, 2000) (taking judicial notice of the fact of settlement documents in

---

*(cont'd from previous page)*
    Motion to Strike the same day as their opposition to Defendants' Motion to Dismiss, without requesting the pre-motion conference required by the Court's Individual Rules.

2

another action and information in the public record relating to that settlement); In re Enron Corp. Sec., Derivative & "ERISA" Litig., No. H-01-3624, slip op. at 9 (S.D. Tex. Mar. 15, 2004) ("[T]he Court may take judicial notice of matters of public record.").[3] Taking judicial notice of documents in the public record does not convert a motion to dismiss into one for summary judgment. See, e.g., Kramer, 937 F.2d at 774.

### A. The Court May Take Notice of The General Release Between WWE and Jakks, Which is a Part of the Public Record

In connection with the pending motion to dismiss, Defendants submitted Exhibit C, a copy of the fully executed release between WWE and Jakks, dated January 15, 2004. (Def. Br. at 3, 12.) Plaintiffs erroneously contend that the Court may not consider the release because Plaintiffs omitted this directly relevant document from their Complaint. (Pl. MTS at 3.) In advancing their argument, Plaintiffs fail to mention that the release was a part of the Jakks Defendants' February 16, 2005 motion to dismiss the WWE Action, filed in this Court many months before the Complaint in this action. Accordingly, the release is a matter of public record. Contrary to Plaintiffs' assertion, courts routinely take judicial notice of documents filed in another court or proceeding. See, e.g., Six W. Retail Acquisition, Inc., 2000 WL 264295, at *13; see also In re Tamoxifen Citrate Antitrust Litig., 277 F. Supp. 2d 121, 128 (E.D.N.Y. 2003) (on a motion to dismiss, the court may consider "matters of public record," including "documents such as briefs filed with courts"); Weizmann Inst. of Science v. Neschis, 229 F. Supp. 2d 234, 246-47 (S.D.N.Y. 2002) (taking judicial notice of a variety documents filed in other court proceedings); 5-Star Mgmt., Inc., 940 F. Supp. at 518.

---

[3] The case cited by Plaintiffs is in accord. See In re Global Crossing, Ltd. Sec. Litig., 313 F. Supp. 2d 189, 195 (S.D.N.Y. 2003) ("The Court may also take judicial notice of matters of public record, including the contents of documents required to be filed with the SEC.").

3

In addition, by admittedly relying on pleadings in the WWE Action as their only source of substantive allegations against Defendants, and citing to those pleadings in their Complaint (see Complaint at 1), Plaintiffs have incorporated those pleadings, of which the release in an integral part, by reference. For the same reason the Court may consider the entirety of a document selectively quoted in a complaint, or the contents of all SEC filings rather than those cherry-picked by a plaintiff, Plaintiffs cannot limit the Court's consideration of the pleadings in the WWE Action to only the specific parts of those pleadings that do not flatly contradict their allegations. This principle holds especially true where, as here, the release was created as part of an audit expressly described in the Complaint -- allegations that were copied almost in haec verba from the first complaint filed in the WWE Action. (Compare Complaint ¶ 112 with Initial WWE Complaint ¶¶ 104-05.)

Trying to evade this Court's consideration of the release, Plaintiffs erroneously rely on Calcutti v. SBU, Inc., 273 F. Supp. 2d 488 (S.D.N.Y. 2003). Unlike Calcutti, in which the Court declined to consider a release that was introduced for the first time by a third party to bar a claim for contribution, the release in this claim was a matter of public record before the Complaint was filed -- in the very same proceeding that not only prompted Plaintiffs' suit, but on which their entire case is premised -- and was provided at the culmination of the audit described in the Complaint. (See Complaint ¶ 112.) In addition, the plaintiffs in Calcutti sought to introduce the document, which was a general release of liability, to assert an affirmative defense against the defendants' claims. 273 F. Supp. 2d at 499. In contrast, Defendants do not seek to adjudicate the validity or the applicability of the release on this motion, but simply request the Court to take judicial notice only of the fact that the release exists. See Six W. Retail Acquisition,

4

Inc., 2000 WL 264295, at *13 (taking judicial notice of the fact that an antitrust suit was filed against defendants, and that the parties entered into a settlement).

Recognizing that the very existence of the release -- independent of the other defects in the Complaint -- demolishes Plaintiffs' allegation that Defendants knew and concealed that WWE would file a lawsuit, Plaintiffs carp that they "had no notice of and were unaware of the existence of the Release when preparing the Complaint." (Pl. MTS at 3-4.) As a threshold matter, Plaintiffs' counsel's subjective state of mind when they prepared their Complaint has no bearing on whether the Court should take judicial notice of the existence of documents in the public record. In any event, this strange assertion attempts to shift to Defendants the consequences of Plaintiffs' improper abdication of their obligation to conduct a reasonable inquiry (or worse, a deliberate and self-serving omission of readily available facts). (See also, Def. Br. at 52-53; Def. Reply Br. at 28-29.) Indeed, the release is a readily available public document in the very same Court files from which Plaintiffs presumably obtained the WWE complaint upon which they based virtually all of their Complaint. In addition, Jakks' Form 10-K/A for the fiscal year ended December 31, 2004, which Plaintiffs claim to have reviewed in preparing their Complaint (see Complaint at 1), publicly disclosed that on January 15, 2004, WWE entered into a covenant not to sue and a broad general release pursuant to which it released Jakks from all known and unknown claims "of any nature whatsoever." (See Ex. B to September 9, 2005 Decl. of Jonathan J. Lerner at 29.) Under these circumstances, Plaintiffs cannot sincerely contend that they were "unaware of the existence of the [r]elease." (Pl. MTS at 3.) At the very least, they should have been aware of it. In all events, Plaintiffs certainly are aware of the existence of the release now and accordingly are obligated to withdraw any

allegations in the Complaint that they know are contradicted by incontrovertible facts in the public record.

### B. The Court May Take Notice of WWE's 10-K Filed With The SEC

In their Memorandum in Support of Their Motion to Dismiss the Complaint, Defendants referred to Exhibit A, WWE's Form 10-K for the fiscal year ended April 30, 2004, filed with the SEC on July 13, 2004. (Def. Br. at 3, 20.) This document, as noted in Defendants' moving brief, may be considered by the Court, even if it is not referenced in the Complaint. Def. Br. at 3, n.2. Plaintiffs cannot and do not deny that courts routinely take judicial notice of documents filed with the SEC. (Pl. MTS at 4-5.) Instead, attempting to preclude the Court's consideration of the SEC filing, Plaintiffs argue that the document cannot be considered for the truth of its content.[4]

Contrary to Plaintiffs' assumption, Defendants do not ask the Court to consider as true the statements contained in the SEC filing, but only to take judicial notice of the existence of the statements contained in that document.[5] Specifically, the Court may consider the fact that WWE's public disclosure made no mention of any possibility of even a dispute, let alone a lawsuit against Jakks; but instead contained positive statements about WWE's business relationship with Jakks. (Def. Br. at 3, 20.) See, e.g., Kramer, 937 F.2d at 774 (SEC filing may be considered to determine what the document stated); see also In re Enron, slip op. at 10-11

---

[4] In advancing their argument, plaintiffs mischaracterize defendants' reference to the exhibit. Pretending to oppose defendants' contention, plaintiffs assert that WWE's 10-K does not "refute[] evidence of a bribery scheme implemented by [d]efendants." (Pl. MTS at 4.) Defendants do not contend that the 10-K contradicts plaintiffs' allegations of the alleged bribery, but that it is relevant to show -- from documents in the public record -- the circumstances present at the time plaintiffs allege defendants had knowledge of threat of litigation by WWE.

[5] Plaintiffs' assertion that "the mere filing of a document with the SEC does not mean that the statement contained therein are true" (Pl. MTS at 4) is inapposite because here the truth of the statements in WWE's 10-K is not at issue.

("Here judicial notice may be taken of the SEC's complaint, not for the truth of the matters asserted, but for what allegations have been made by the government and the factual basis for them . . . .").[6]

## CONCLUSION

As demonstrated in Defendants' opening brief, Plaintiffs' assertion that Defendants knew of an imminent threat of litigation by early 2004 is bereft of factual support. (See Def. Br. at 20.) Standing alone -- without reference to any other documents -- this pleading defect mandates dismissal of the Complaint because, while Plaintiffs may be entitled to favorable inferences arising from adequate allegations, conclusory statements are not enough to plead scienter. (See Def. Br. at 40-53; Def. Reply Br. at 20-28.) Notwithstanding the foregoing, this Court may properly take judicial notice of documents in the public record which establish, by the simple fact of their existence, that Plaintiffs' allegations that Defendants knew WWE would initiate a lawsuit are directly contradicted by incontrovertible facts in the public record -- the very same public record from which Plaintiffs fashioned the entirety of their Complaint.

For the foregoing reasons, Plaintiffs' Motion To Strike Certain Exhibits should be denied in its entirety.

---

[6] In this regard, case law cited by plaintiffs, where a statement was offered for consideration of its truth, is inapposite. See In re Omnicom Group, Inc. Sec. Litig., No. 02 Civ. 4483, 2005 WL 735937, at *13 (S.D.N.Y. Mar. 30, 2005) (statements that stock amounted to 1% of acquisition consideration offered to prove the truth of the matter asserted -- that stock accounted for little of the acquisition compensation).

Respectfully submitted,

| | |
|---|---|
| FEDER, KASZOVITZ, ISAACSON,<br>  WEBER, SKALA, BASS & RHINE LLP<br>Murray L. Skala (MS 9354)<br>Jonathan D. Honig (JH 7577)<br>750 Lexington Avenue<br>New York, New York 10022<br>Phone: (212) 888-8200<br>Fax: (212) 888-5968 | SKADDEN, ARPS, SLATE,<br>  MEAGHER & FLOM LLP<br><br>By:    /s/ Michael H. Gruenglas<br>Jonathan J. Lerner (JL 7117)<br>Michael H. Gruenglas (MG 8705)<br>Maura B. Grinalds (MG 2836)<br>Sharon Garb (SG 7928)<br>Four Times Square<br>New York, New York 10036<br>(212) 735-3000 |

Attorneys for Defendants