UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------x

In re JAKKS PACIFIC, INC.  : Civil Action No. 04-CV-8807 (KMK)
SHAREHOLDERS CLASS ACTION :
LITIGATION : **ELECTRONICALLY FILED**
 :
 : CLASS ACTION
This Document Relates To: :
 : MEMORANDUM OF LAW IN SUPPORT
    ALL ACTIONS. : OF PLAINTIFFS' MOTION FOR LEAVE
 : TO FILE A SECOND AMENDED
---------------------------------------------------------x COMPLAINT

Lead Plaintiffs Kenneth J. Tucker, Tonia R. Tucker-Kraus, Michael Kraus (the "Tucker Group") and Indiana Electrical Workers Pension Trust Fund IBEW (collectively, "Plaintiffs") respectfully submit this memorandum in support of their Motion for Leave to File a Second Amended Complaint (the "Motion") pursuant to Federal Rule of Civil Procedure 15(a) and this Court's Opinion and Order dated January 25, 2008 (the "Opinion").

## I. PRELIMINARY STATEMENT

By this Motion, and as directed by the Court, Plaintiffs respectfully seek leave to file a second amended complaint in the form attached as Exhibit A to the Motion (the "Second Amended Complaint" or "SAC"). Plaintiffs are seeking leave to file the SAC in order to remedy the pleading of Plaintiffs' Consolidated Amended Complaint for Violations of the Federal Securities Laws (the "CAC"). The Court identified certain curable pleading defects in the CAC in its Opinion granting Defendants' motion to dismiss the CAC without prejudice and giving Plaintiffs thirty (30) days to seek leave to amend the CAC. Plaintiffs are now doing so.

In the Opinion, the Court ruled that Plaintiffs alleged facts sufficient to support the essential elements of their claims. The Court ruled, however, that because the CAC only provides a single paragraph indicating why all of the numerous false statements identified in the CAC were allegedly false and misleading, the CAC was not pled with the level of particularity required by Federal Rule of Civil Procedure 9(b) and the Private Securities Litigation Reform Act of 1995 (the "PSLRA"). In the Opinion, the Court indicated that Plaintiffs should promptly seek leave to amend their complaint to correct this defect, which the Court described as "eminently curable." Opinion at 24.

As detailed herein, the SAC remedies the defects cited by the Court by detailing why each challenged statement is materially false and misleading when issued. Accordingly, it is respectfully submitted that the Court should grant Plaintiffs leave to file the SAC.

## II.     PROCEDURAL HISTORY AND FACTS

This action was initiated in November 2004 by the filing of five class action complaints asserting similar claims against JAKKS and other defendants. By Order dated January 26, 2005, the Court ordered the consolidation of the related actions under the caption *In re JAKKS Pacific, Inc. Shareholders Class Action Litigation*, Case No. 04-CV-8807 (KMK). *See* Dkt. No. 29. In an Order dated May 11, 2005, the Court appointed the Tucker Group and Indiana Electrical Workers Pension Trust Fund IBEW as Co-Lead Plaintiffs for the consolidated action, and appointed the firms of Milberg Weiss LLP[1] and Coughlin Stoia Geller Rudman & Robbins LLP[2] to serve as Co-Lead Counsel for Plaintiffs and the putative class. *See* Dkt. No. 58.

Plaintiffs filed the CAC on July 11, 2005. *See* Dkt. No. 62. The CAC asserted claims under Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") and Rule 10b-5 promulgated thereunder against JAKKS Pacific, Inc. ("JAKKS"), Jack Friedman (JAKKS' former Chairman and Chief Executive Officer), Steven G. Berman (JAKKS' former Chief Operating Officer), and Joel M. Bennett (JAKKS' former Chief Financial Officer) (Friedman, Berman and Bennett are referred to collectively as the "Individual Defendants"). The CAC also asserted "control person" claims under Section 20(a) of the Exchange Act against the Individual Defendants.

The CAC alleged that JAKKS, which designs, develops, produces and markets toys and related products, engaged in a bribery scheme with an executive and licensing agent of World Wrestling Entertainment, Inc. ("WWE") in an effort to expand its lucrative WWE licenses. *See* CAC ¶¶ 2, 4. As a result of this scheme, WWE management entered into a video game license

---

[1]     At the time of the appointment, the firm was known as Milberg Weiss Bershad & Schulman.

[2]     At the time of the appointment, the firm was known as Lerach Coughlin Stoia Geller Rudman & Robbins LLP.

agreement with JAKKS. *Id.* at ¶5. WWE also extended the terms of JAKKS' domestic and international toy licenses. *Id.* These licenses were extremely lucrative for JAKKS. *Id.* at ¶6. However, at all relevant times, Defendants failed to disclose that they had procured these licenses through a commercial bribery scheme. *Id.* When the truth concerning this scheme was disclosed to the public on October 19, 2004, the price of JAKKS stock fell from a close of $24.15 to on October 18, 2004 to a close of $12.96 on October 20, 2004. *Id.* at ¶¶7-9.

On September 9, 2005, Defendants filed their motion to dismiss the CAC. *See* Dkt. No. 65. Plaintiffs filed their opposition to the motion to dismiss on November 15, 2005 (*see* Dkt. No. 70), and Defendants filed their reply papers on December 22, 2005 (*see* Dkt. No. 76). The Court held oral argument on the Defendants' motion to dismiss on November 30, 2006.

On January 25, 2008, the Court issued its Opinion granting Defendants' motion to dismiss the CAC. Among other things, the Court ruled that:

- The omitted information concerning the commercial bribery scheme through which JAKKS obtained certain of its merchandising licenses with the WWE was material to JAKKS investors. *See* Opinion at 10 ("Here, the Court cannot say that no reasonable investor would find the information regarding the alleged bribery scheme material.");

- When Defendants made public statements discussing JAKKS' acquisition of the WWE licenses and JAKKS' long-term relationship with the WWE, those statements triggered Defendants' duty to disclose the complete truth about their actions in procuring and extending those WWE licenses. *Id.* at 18-19 ("[S[tatements discussing Jakks's acquisition of the WWE licenses and statements touting Jakks's long-term relationship with WWE as the means by which it procured and renewed those licenses conveyed that Jakks had a particular ability to obtain valuable licenses from WWE. Once Jakks opened this door, it was required to walk through it with complete and accurate information about the true means used to procure and renew these licenses.");

- Plaintiffs had adequately alleged that Defendants acted with the requisite scienter when Defendants failed to disclose the material facts concerning their improper acquisition of the WWE licenses. *Id.* at 37 ("Accordingly, the Court finds that Defendants 'knew or were highly unreasonable in not knowing that they were doing something illicit' when they withheld material information regarding the commercial bribery scheme while making public statements about the acquisition and renewal of the WWE licenses.") (citation omitted); and

- Plaintiffs had adequately alleged claims of control person liability against the Individual Defendants. *Id.* at 40 ("The Individual Defendants' knowledge of the alleged omitted information, coupled with their control over and participation in the misleading statements that gave rise to the duty to disclose that information, is sufficient to establish culpable participation. Control person liability with respect to the Individual Defendants is therefore adequately pled.").

The Court, however, dismissed the CAC for failure to be plead with sufficient particularity. The Court found that because the CAC only contained a *single* paragraph explaining why *all* of the statements quoted in the CAC were materially false and misleading, the CAC did not explain why each of the quoted statements was fraudulent with the particularity required by Fed. R. Civ. P. 9(b) and the PSLRA. *Id.* at 22-24. The Court stated in its Opinion that this defect in the CAC is "eminently curable." *Id.* at 24. Therefore, the Court dismissed the CAC without prejudice while permitting Plaintiffs to seek to file an amended complaint within thirty (30) days of the issuance of the Opinion. *Id.* at 42.

### III.  ARGUMENT

#### The Proposed Second Amended Complaint
#### Cures the Pleading Defect Identified by the Court

Plaintiffs now move for leave to file the proposed Second Amended Complaint in order to: (1) cure the pleading defect identified by the Court, and (2) conform Plaintiffs' claims to the Court's Opinion by clarifying the statements made by Defendants that Plaintiffs now allege to be materially false and misleading. As discussed above, the Court found that the CAC was not pled with sufficient particularity because it contained only a single paragraph explaining why all of the public statements by Defendants quoted in the CAC were materially false and misleading.

The proposed Second Amended Complaint corrects that defect by setting forth, following *each* statement that Plaintiffs allege to have been materially false and misleading, the reasons why *that* specific statement was materially false and misleading. *See*, *e.g.*, SAC ¶58 (explaining why the public statement quoted in SAC ¶57 was materially false and misleading); SAC ¶62 (explaining why

- 4 -

the public statement quoted in SAC ¶61 was materially false and misleading); SAC ¶64 (explaining why the public statement quoted in SAC ¶63 was materially false and misleading); SAC ¶68 (explaining why the public statement quoted in SAC ¶67 was materially false and misleading); SAC ¶70 (explaining why the public statement quoted in SAC ¶69 was materially false and misleading); SAC ¶73 (explaining why the public statement quoted in SAC ¶72 was materially false and misleading); SAC ¶77 (explaining why the public statement quoted in SAC ¶76 was materially false and misleading); and SAC ¶87 (explaining why the public statement quoted in SAC ¶86 was materially false and misleading).  Plaintiffs have also removed all statements found to be non-actionable by the Court from the SAC.  Accordingly, it is respectfully submitted that the proposed SAC is pled with the level of particularity required by Rule 9(b) and the PSLRA.

**IV.    CONCLUSION**

For the reasons stated above, Plaintiffs respectfully request that the Court grant them leave to file a second amended complaint in the form attached as Exhibit A hereto.

DATED:  February 25, 2008

COUGHLIN STOIA GELLER
  RUDMAN & ROBBINS LLP
SAMUEL H. RUDMAN
DAVID A. ROSENFELD
MARK S. REICH

*s/ Samuel H. Rudman*
SAMUEL H. RUDMAN

58 South Service Road, Suite 200
Melville, NY 11747
Telephone: 631/367-7100
631/367-1173 (fax)
Email: srudman@csgrr.com

- 6 -

        MILBERG WEISS LLP
        KIRK E. CHAPMAN
        MATTHEW A. KUPILLAS
        TODD KAMMERMAN


        *s/ Matthew A. Kupillas*
        MATTHEW A. KUPILLAS

One Pennsylvania Plaza
New York, NY  10119-0165
Telephone: 212/946-9377
212/868-1229 (fax)
Email:  mkupillas@milbergweiss.com

*Attorneys for Lead Plaintiffs and the Class*

## CERTIFICATE OF SERVICE

I, Samuel H. Rudman, hereby certify that on February 25, 2008, I caused a true and correct copy of the attached MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS' MOTION FOR LEAVE TO FILE A SECOND AMENDED COMPLAINT to be served: (i) electronically on all counsel registered for electronic service for this case; and (ii) by first-class mail to all additional counsel on the attached service list.

*s/ Samuel H. Rudman*
SAMUEL H. RUDMAN
Attorney for Lead Plaintiffs and the Class
COUGHLIN STOIA GELLER
  RUDMAN & ROBBINS LLP
58 South Service Road, Suite 200
Melville, NY  11747
Telephone:  631/367-7100
631/367-1173 (fax)
Email: srudman@csgrr.com

## IN RE JAKKS PACIFIC, INC. SHAREHOLDERS CLASS ACTION LITIGATION

### SERVICE LIST

**Plaintiffs' Counsel**

| | |
|---|---|
| Kirk E. Chapman<br>Matthew A. Kupillas<br>Todd Kammerman<br>**Milberg Weiss LLP**<br>One Pennsylvania Plaza<br>New York, NY  10119<br>Tel: (212) 594-5300<br>Fax: (212) 868-1229 | Samuel H. Rudman<br>David A. Rosenfeld<br>Mark S. Reich<br>**Coughlin Stoia Geller Rudman & Robbins LLP**<br>58 South Service Road, Suite 200<br>Melville, NY  11747<br>Tel: (631) 367-7100<br>Fax: (631) 367-1173 |

**Defendants' Counsel**

| | |
|---|---|
| Isaac S. Greaney<br>**Sidley Austin LLP**<br>787 7th Avenue, 22nd Floor<br>New York, NY  10019<br>Tel.: (212) 906-2000<br>Fax: (212) 839-5599 | Michael H. Gruenglas<br>**Skadden, Arps, Slate, Meagher & Flom LLP**<br>Four Times Square<br>New York, NY  10036<br>Tel.: (212) 735-3000<br>Fax: (212) 735-2000 |
| John R. Williams<br>**Williams & Pattis, LLC**<br>51 Elm Street, Suite 409<br>New Haven, CT  06510<br>Tel.: (203) 562-9931<br>Fax: (203) 776-9494 | Murray L. Skala<br>Jonathan D. Honig<br>**Feder, Kaszovitz, Isaacson, Weber, Skala, Bass & Rhine, LLP**<br>750 Lexington Avenue<br>New York, NY  10022<br>Tel. (212) 888-8200<br>Fax: (212) 888-5968 |